# CHARLESTON.

STRALEY *et al. v.* PAYNE.

Submitted January 25, 1897—Decided March 24, 1897.

1. JUSTICE OF THE PEACE—*Certiorari—New Trial.*
    Where a justice renders judgment on a verdict on one day, and the next day a motion for a new trial is made and overruled, the ten days allowed for a *certiorari* begins to run on the latter day. (p. 188.)

2. JUSTICE OF THE PEACE—*New Trial—Suspension of Judgment.*
    A motion for a new trial suspends the finality of a judgment already entered, until the date of the denial of the new trial, for the purposes or limitation of writ of error. (p. 187.)

3.  JUSTICE OF THE PEACE—*Oath of Jury—Verdict.*
    Where a summons before a justice demands judgment for a
    fixed sum for money due on contract, and a jury, demanded
    by defendant, is sworn to try all matters of difference be-
    tween the plaintiff and defendant, and a true verdict given
    according to the evidence, the verdict will not be set aside
    only because after such oath, and before evidence given, the
    plaintiff states his cause of action. The oath relates to all
    matters of fact involved in the case, though the complaint
    was stated or filed after the oath. (p. 188.)

Error to Circuit Court, Mercer county.

Action by Straley & Co. against one Payne. Judgment
for plaintiffs before a justice reversed on *certiorari*, and
plaintiffs bring error.

*Reversed.*

JOHNSTON & HALE for plaintiffs in error.

HUGH G. WOODS for defendant in error.

BRANNON, JUDGE :

Straley & Co. recovered a judgment against Payne be-
fore a justice on a demand under contract, upon a verdict
of a jury, and Payne sued out a writ of *certiorari*, and
upon it the Circuit Court reversed the judgment of the
justice, and set aside the verdict; and Straley & Co.
obtained from this Court a writ of error.

The first point made by the plaintiffs in error is that the
writ of *certiorari* was sued out later than ten days from
the date of the judgment. The verdict was returned on the
11th day of June, and on that day the justice entered
judgment on it. On the next day the defendant asked a
new trial, and the justice overruled his motion. Shall we
commence counting the ten days' limiting a writ of
*certiorari* from the 11th or the 12th of June? First, let us
look at our statute law. Section 114, chapter 50, Code
1891, provides that in specific cases judgment shall be en-
tered without delay after the trial, but that in other
cases judgment shall be entered within twenty-four
hours after the trial. Section 91 gives the party
twenty-four hours after the return of a verdict to move
for a new trial. It might be said, under these pro-
visions, that judgment ought not to be entered until

the expiration of the twenty-four hours; but it can be plausibly said that, when there is such motion for a new trial, the date of the judgment, for the purposes of appeal, is after final action on it. It requires a final judgment to warrant an appeal or *certiorari.* Till then the matter has not passed from the power of the court. I think the law, outside of any statute, is properly stated in Elliott, App. Proc. § 119, to the effect that the right of appeal, as a general rule, dates from the time that a complete judgment is rendered and recorded, and that where a motion in arrest, or a venire *de novo,* or for a new trial, remains undisposed of, there is no right of appeal, and where the court decides to reconsider its judgment the right of appeal dates from the ultimate judgment, and, on the same principle, that where there is a pending motion for a new trial the right of appeal does not mature until there is a ruling denying the motion. I would say that, if the party enters such motion, he could not appeal until it was decided against him; and that would seem to be mutually operative on both sides, and to be a test decisive of the question. 2 Enc. Pl. & Prac. 137; *Railroad Co.* v. *Doane,* 105 Ind. 93, (4 N. E. 419).

In *Brockett* v. *Brockett,* 2 How. (U. S.) 238, it was held that a petition filed for a rehearing during the term, and entertained by the court, suspended the decree until it was disposed of, and that an appeal dates from the order denying the rehearing. So, in *Memphis* v. *Brown,* 94 U. S. 715: "It is the uniform practice in this State to enter judgment at once, in the Circuit Court, upon the verdict of a jury or a finding of the court. For many purposes the judgment is a final judgment, from the date of its entry. Questions of interest and limitation are determined by that date, yet the right of appeal does not exist until a motion for a new trial, if filed, is finally overruled, and may be then exercised, although this is done at a subsequent term. As long as the county court treated this matter as still pending before it, the respondent had no right to assume that its judgment was final. When it finally disposed of the matter, he could exercise his right of appeal, even though its former determination was in the nature of a final judgment. *Boggs* v. *Caldwell Co.,* 28 Mo. 586, leaves no doubt on that point." *Lakenan* v.

*Railroad Co.*, 36 Mo. App. 362; *Ex parte Lowe*, 20 Ala. 330. So the *certiorari* was taken in time, as time does not commence to run against it until the 12th day of June, and it was sued out on the 22d.

This brings us to the question whether the circuit court is justified in setting aside the judgment of the justice and granting a new trial. The grounds stated to sustain that reversal are two: First, it is said that the justice failed to enter upon his docket the amount of money claimed by the plaintiff. Section 178, chapter 50, Code 1891, does direct that the justice shall enter in his docket the amount of money which the plaintiff demands, but this is merely directory, and its omission cannot be cause for reversal; certainly not when, as in this case, the summons served upon the defendant definitely states the amount of the claim, and the docket entry of a later day (the day when the trial took place, and before the verdict) states the amount of the plaintiff's claim very definitely. The second point made to justify the reversal of the judgment is that the statute requires a complaint, in writing or orally, before there can be a trial, and that the justice erred in swearing the jury before issue, as there could be no issue until the complaint, written or oral, had been made by the plaintiff. This is very technical, under the record in this case. The summons made a demand for a specific sum of money due by contract, and by demanding a jury the defendant controverted that claim, and the jury was sworn by the justice to well and truly try the matters in difference between the plaintiff and defendant; and immediately after this statement in the docket it is stated that "at the time of the trial of this case, and before any evidence was introduced before the jury, the plaintiffs made their complaint orally" (definitely specifying the cause of action). Now, we cannot say certainly that this statement of the cause of action was after the swearing of the jury; but, if it were, would not that oath apply to the cause of action thus stated, whether it was stated after or before the administration of the oath? It would certainly apply to the summons. It is true that *Ruffner* v. *Hill*, 21 W. Va. 152, decides that a verdict of a jury in a court of record, without issue, is irregular; but does it decide that a verdict shall be set aside, as without an issue, simply be-

cause that issue was entered after the swearing of the jury to try it, when the oath suited the character of the issue? The court has not gone that far.   This oath, whenever administered, was broad enough to cover the matter presented by this oral complaint.   There are no formal issues before justices, and great liberality is allowed to cure unsubstantial irregularities in their procedure.   I do not think this doctrine, at any rate, applies to proceedings before justices, as I state in the case of *Simpkins* v. *White*, 43 W. Va. 200 (27 S. E. 361).

No other error is specified against the judgment of the justice.   We therefore reverse the judgment of the circuit court and affirm the judgment of the justice.

*Reversed.*