# CHARLESTON.

## CLEAVENGER *v.* ROHRBAUGH, *Sheriff, et al.*

### Submitted February 1, 1899—Decided April 1, 1899.

WRIT OF ERROR—*Supreme Court of Appeals—Justice of the Peace.*
  A writ of error lies to the order of the circuit court  reversing
  the  judgment of  a  justice,  and  setting  aside  the  verdict of a
  jury on which such judgment is founded;  and  directing a  trial
  *de novo.*   Such writ will not be  sustained  by this Court  unless
  such circuit court  has  plainly  erred,  but the judgment will  be
  affirmed.   (. 149).

Error to Circuit Court, Barbour County.

Action by  C.  G.  Cleavenger  against B.  B.  Rohrbaugh,
sheriff of Barbour  County,  and  others.    From  an  order
setting aside a verdict for  plaintiff  and  granting  defend-
ants a new trial, plaintiff brings error.

*Affirmed.*

J. HOP WOODS and W. T. GEORGE,  for plaintiff in error.
W. I. ICE, for defendants in error.

DENT, PRESIDENT:

C. G. Cleavenger sued  B. B. Rohrbaugh, sheriff of Bar-
bour County, and his sureties on  his official  bond, for one
hundred and ten dollars, and  fifty dollars damages  before

a justice of said county. Nothing in the pleadings or in the justice's record shows what the suit is about, or gives the cause of action. But it appears in the evidence that it was to recover the value of a certain spring wagon and eight head of sheep sold under an execution in favor of J. N. B. Crim against F. A. Cleavenger, a brother of plaintiff. No objection, however, was made to the want of proper pleadings, as the parties were fully aware as to the matter of controversy. They took it for granted the courts would be likewise; and hence the evidence must be deemed amendatory of the pleadings, and supply the place of both *allegata* and *probata*. After two jury trials, a verdict was found in favor of plaintiff for one hundred dollars. The justice refused to set the same aside, and entered judgment thereon. The defendants took several bills of exception to the rulings of the justice, and applied to the circuit court for a writ of *certiorari*, which was granted. The plaintiff moved the dismissal of the *certiorari*, but the circuit court overruled the same, set aside the verdict of the jury, and directed a new trial of the issue between the parties. From this order the plaintiff obtained a writ of error. The defendants object to such writ as being granted prematurely before a trial had in the circuit court. In support of this contention, reliance is had on the case of *Morgan* v. *Railroad Co.* 39 W. Va. 17, (19 S. E. 588) in which this Court held that a writ of error would not lie to an order overruling a motion to dismiss an appeal from a justice's judgment, as such order was not a final judgment. In that case there was no order setting aside the verdict of a jury, as in the present case, which latter order is expressly made appealable by clause 9, s. 1, c. 135, Code. In the case of *Arnold* v. *Lewis County Court*, 38 W. Va. 143, (18 S. E. 476), it is held that "a final decision on a writ of *certiorari* is reviewable on writ of error from this Court according to the rules of law and practice in other cases." And in the case of *Morgan* v. *Railroad Co.*, 9 W. Va. 17, (19 S. E. 588), it is held that: "A judgment of a circuit court upon a writ of *certiorari* reversing a judgment of a justice, setting aside the verdict of a jury upon which the judgment was based, and granting a new trial, was a final judgment, though it retained the case for retrial, and can-

not be set aside on mere motion at a subsequent term." Being a final judgment it is appealable. Such has been regarded the settled law by this Court. *Gwynn* v. *Schwartz,* 32 W. Va. 487, (9 S. E. 880); *Straley* v. *Payne,* 43 W. Va. 185, (27 S. E. 59). A conclusive reason why such writ of error was improvidently granted is the large discretion invested in the circuit court by sections 2, 3, chapter 110, Code, to review judgments of justices founded on verdicts of juries by *certiorari.* *Harrow* v. *Railroad Co.,* 38 W. Va. 717, (18 S. E. 926); *Michaelson* v. *Cautley,* 45 W. Va. 533, (32 S. E. 170). In the latter case this Court held "that unless such discretion is plainly abused, this Court cannot interfere therewith," and "if the evidence presents mixed questions of law and fact, material to the issue involved, about which two reasonable men learned in the law might differ as to the proper determination thereof, the circuit court commits no appealable error in awarding a new trial." In the case under consideration the evidence shows that the matter in controversy is a spring wagon and eight sheep sold under execution levy in the open market at the price of fifteen dollars and seventy-five cents and twenty-one dollars, respectively, amounting to thirty-six dollars and seventy-five cents. The opinions of various witnesses was taken in relation to the value of this property. They differed widely in their estimate,—one placing a fancy value on the wagon, as having belonged to plaintiff's deceased father. This, of course, was incompetent and improper. The plaintiff was also permitted to testify that, in addition to the value thereof, he was damaged to the amount of fifty dollars. This was also improper evidence to go to the jury. The sale, being fair and in the open market, is the best evidence of the value of the property. Sedg. Meas. Dam. § 475. This being an action for the conversion of personal property, the measure of the damages is the value of the property at the time of the conversion, with interest. *Id.* § 493; 2 Tuck. Comm. 88. Such is the general rule, to which there may be exceptions, but there is nothing special in this case to take it from under this rule. Regarding the sale value as the true value of the property, plaintiff was not entitled to recover exceeding forty dollars, and a liberal estimate

would be not exceeding sixty dollars, if entitled to recover anything, which is a disputed question of law and fact arising on the evidence, about which reasonable men learned in the law might differ. The jury allowed him one hundred dollars, which is clearly excessive, according to the decided preponderance of the evidence, and was undoubtedly occasioned by the improper evidence admitted by the justice as to the damages and value of the property heretofore referred to. The excess is not sufficient to give this Court jurisdiction, but it is within the jurisdiction of the circuit court. The circuit court, therefore, did not abuse its discretion in setting aside the verdict and granting the defendants a new trial. The judgment is affirmed.

*Affirmed.*