# CHARLESTON.

## HELMS v. GREENBRIER VALLEY COLD STORAGE CO.

Submitted June 9, 1908.   Decided February 23, 1909.

1. JUDGMENT—*Time of Becoming Final*—*"Final Judgment."*
   A judgment rendered by a circuit court at a term at which all of the business has not been dispatched before the court is, by an order entered on the record, adjourned to an "adjourned term" to begin on a day named in the order, becomes a final judgment upon such adjournment by virtue of section 3623, Code 1906. (p. 205.)

2. SAME—*Setting Aside*—*Power After Term.*
   A final judgment can not be set aside after the term has adjourned, except for errors appearing on the record, whether the adjournment be of the term finally or to a future day under the provisions of section 3623, Code 1906. (p. 205.)

Error to Circuit Court, Greenbrier County.

Trespass on the case by J. L. Helms against the Greenbrier Valley Cold Storage Company. Plaintiff had judgment, and, from an order setting the same aside and granting a new trial, brings error.

*Reversed.*

HENRY GILMER, for plaintiff in error.

JOHN A. PRESTON and T. N. READ, for defendant in error.

WILLIAMS, JUDGE:

Plaintiff brought an action of trespass on the case against the

defendant in the circuit court of Greenbrier county and on the 7th day of February, 1907, obtained a judgment by default for $200.00, upon an inquiry of damages by a jury.

The order entered on said day recites that process had been duly served upon the defendant more than thirty days before the last term of the court and that the case was fully matured; that defendant failed to appear; that a jury was impannelled and sworn to inquire into and fix the damages, if any, that the plaintiff was entitled to recover; and that the jury assessed plaintiff's damages at $200.00. And thereupon judgment was rendered for this amount.

On this same day, to-wit, the 7th day of February, 1907, the court, not having completed the business of the term, entered an order adjourning the court "until the adjourned term to be holden on the 26th day of February, 1907."

On the said 26th day of February, on motion of defendant, the court set aside the judgment and granted the defendant a new trial upon condition that it would within twenty days pay all costs which the plaintiff had sustained, otherwise said judgment was to remain in full force and virtue. The plaintiff excepted to this ruling and action of the court.

The order complained of by plaintiff in error recites that the motion to set aside the judgment and verdict was made upon the ground that its counsel was, at the time of the trial, a member of the West Virginia Legislature, and because said counsel had an agreement with the judge of the court that no case in which he had an interest would be tried without his consent on account of said services in the legislature; and because the judgment was contrary to the law and the evidence. This motion was resisted by plaintiff because, as the order recites, counsel for defendant was present in court when the case was called on the first two days of the term. A letter written by counsel for defendant, dated Charleston, West Virginia, February 25, 1907, to another attorney practicing in Greenbrier county, is made a part of the record. In this letter counsel states that he was employed by defendant in the case before he came to Charleston; that his client claimed to have a good defense to the suit; that the trial judge had told him, before he left the court and returned to attend the legislature, then in session at Charleston, West Virginia, that no cases in which he was inter-

ested would be tried because of his unavoidable absence in the public service.   Counsel further says in the letter that if the case was called on the first, and second, days of the term he did not hear it called, else he would have asked to have it continued inasmuch as he had only two days leave of absence from the session of the legislature; and requests the attorney addressed to try to get the judgment set aside and a new trial had.

Was it error to set aside the judgment on motion, after adjournment of court?   We think it was, because by section 3623, Code, 1906, the judgment was a finality.   It had passed out of the breast of the court and beyond its recall as completely as if all the business of the term had been finished and the court had adjourned without day.   Code, section 3623; *Wickes* v. *B. & O. R. R. Co.,* 14 W. Va. 157; *Childers* v. *Loudin,* 51 W. Va. 559.

The fact that it is a judgment by default does not affect its finality, but only authorizes the trial court to set it aside for error appearing on the record, and makes it necessary that application to have it set aside be first made in the lower court under the provisions of chapter 134 of the Code, before this Court can entertain a writ of error for that purpose.   *Slingluff* v. *Gainer,* 49 W. Va. 7; *George, Trustee* v. *Zinn,* 57 W. Va. 15.

No error for which the judgment should have been reversed appears in the record   The order setting the judgment aside gives three reasons in support of defendant's motion, viz:   (1) that counsel for defendant was absent from the court in the public service in attending the legislature; (2) that said counsel had an agreement with the trial judge that no cases in which he was interested would be tried at that term on account of his being a member of the legislature and having to be absent from court; and (3) because the judgment is contrary to law and evidence.

None of these appears in the record until after the judgment had become final.   They were brought into it on the motion made for the first time at the adjourned term.   Consequently, they are not errors appearing on the record.

None of the reasons assigned is sufficient to justify the court in setting aside a judgment after the term at which it had been rendered had adjourned to an adjourned term, which, so far as it concerns the question of the finality of a judgment rendered before, or on, the day of such adjournment, is the same as if it had adjourned without day.

Counsel for defendant in error contends that the order setting aside the judgment is not final and, therefore, not appealable. But section 4038, Code 1906, ninth clause, provides that a writ of error to such an order will lie, without waiting for the new trial to be had. *Gwinn* v. *Schwartz,* 32 W. Va. 487; *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813.

It is further insisted upon, that because this was a default judgment the original process should have been made a part of the record in order that it might appear whether, or not, the judgment rested upon sufficient process and service; and *Wainwright* v. *Harper,* 3 Leigh 270 and *Amiss* v. *McGinnis,* 12 W. Va. 371 are cited as authorities on this point.

In the case of *Wainwright* v. *Harper, supra,* the court held that: "In such cases (judgments by default), the writ is a part of the record; and writ being in *assumpsit* and declaration in covenant, the variance is fatal." This case was on writ of error taken by the judgment debtor, and he relied upon a variance between the writ and the declaration, which could be shown only by a comparison of the writ with the declaration, and for this purpose the writ was a part of the record.

But the case under review differs from that case in this respect. The plaintiff in error here has obtained a writ of error, not to the judgment of the court, which was in his favor, but to the order of the court setting aside his judgment and granting a new trial; and while he no doubt had the right to have the writ and return certified as a part of the record, he has not done so. *Natenbush et al.* v. *Lane,* 4 Rand. 413, decides the same point decided by *Wainwright* v. *Harper.* But that also was a case where the judgment debtor had obtained a writ of error to the judgment, and had the writ certified with the record, in order to show that there was not proper foundation upon which to rest the judgment by default.

The defendant had a right to appear before the trial court, even at a term subsequent to the term at which the judgment was rendered and have it set aside, on the ground of a variance between the writ and declaration, or because of a defective service, or return of the writ; and he had a right to have it brought up here as a part of the record. He has not done so, and, in the absence of the writ and return, we have to accept the recital of the order of the lower court as conclusive of the facts that

the writ conformed to the declaration, and that the return thereon showed a proper service. But none of the reasons given in support of defendant's motion have reference to the original summons, or to the service thereof.

Counsel says that the court is presumed to have acted properly. This is true generally, when its acts are within its general jurisdiction. But after it had adjourned the term the judgment had passed beyond its recall, and beyond its power to nullify, except only for the reasons given in the statute, and in the manner therein provided. Consequently, there is no such presumption strengthening the action of a court in thus setting aside a final judgment; but, on the contrary, it should affirmatively appear that the court acted strictly within the limits prescribed.

Such presumption, however, does arise in support of the judgment; so that, it must affirmatively appear that there was error in the judgment, or in the proceedings leading up to it, before the court would be justified in setting it aside on a motion made at a subsequent term.

Counsel quotes from *Gunn* v. *Turner,* 21 Grat. 282, as follows, viz: "The appellants must show affirmatively that there was error in the judgment of the court. They can not do so in the absence of all the evidence on which the court below acted." This is good law, but it does not apply to assist defendant in error on this appeal. It hurts, rather than helps, it. The confusion seems to arise from a failure to distinguish between the *final judgment* of the court, to which the writ of error in this case does not go, and the *interlocutory order* of the court setting the judgment aside, and to which the writ of error does go by authority of statute, section 4038, Code 1906. By the appeal the plaintiff is seeking to have the *judgment* of the court affirmed, and the *interlocutory order* setting aside the judgment reversed. This makes it incumbent on the defendant in error to show affirmatively that error was committed in rendering the judgment, and to further show that the court acted within the scope of the authority conferred on it by section 4036, Code 1906, in setting it aside.

It does not appear to this Court that there was error in the judgment rendered by the circuit court of Greenbrier county on the 7th day of February, 1907, in favor of the plaintiff in error,

for which the same should have been reversed, but it does appear that said court erred in setting aside said judgment; therefore, the order made by said court on the 26th day of February, 1907, setting aside said judgment, must be vacated and annulled, and the aforesaid judgment restored.

*Reversed.*