# CHARLESTON.

## TUNNEY v. WHEELING STEEL & IRON CO.

Submitted January 13, 1910.   Decided April 18, 1911.

1. EXCEPTIONS, BILL OF—*Time for Saving—Adjourned Term of Court.*

   A bill of exceptions in relation to a judgment entered at a term which is adjourned thereafter to an adjourned term must be saved either before the adjournment to the adjourned term or within thirty days after that adjournment. (p. 159).

2. SAME.

   The thirty days allowed for the taking of a bill of exceptions, when the exceptions relate to a judgment entered at a term which is adjourned to an adjourned term, run from the date of that adjournment, and not from the end of the adjourned term. (p. 159).

Error to Circuit Court, Ohio County.

Action by Martin Tunney against the Wheeling Steel & Iron Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Hubbard & Hubbard,* for plaintiff in error.

*T. S. Riley,* for defendant in error.

ROBINSON, JUDGE:

In an action for the recovery of damages for personal injury received by the plaintiff while in the employment of the defendant, based on allegations of breach of duty on the part of the latter, the plaintiff has judgment, through the verdict of the jury. The defendant complains thereof and seeks to have the same reversed.

The assignment that the court erred in overruling the demurrer to the declaration is not well taken. A careful consideration of that pleading proves it to be one stating sufficiently a good cause of action.

The other assignments, relating to the evidence and the instructions to the jury, cannot be considered. The bill of exceptions embracing these matters was not signed within the

time required by law; so the evidence and instructions have not been made a part of the record.

A bill of exceptions must be signed and made a part of the record during the term or within thirty days after its adjournment. From a supplemental record, brought up by *certiorari* according to the usual practice, it appears that there was an adjournment of the term at which the judgment was entered to an adjourned term, and that the bill of exceptions was signed and certified more than thirty days after that adjournment. When a term is adjourned to an adjourned term, a judgment theretofore entered at the term becomes final for execution or enforcement. An adjournment of that character effects a judgment just as a final adjournment does. Code 1906, chapter 112, section 4. The term is finally ended as far as the judgment is concerned. *Helms* v. *Cold Storage Co.,* 65 W. Va. 203. The thirty days for the taking of bills of exceptions in relation thereto must run from that time. The exceptions cannot be saved within thirty days after the end of the adjourned term, as has been undertaken in this case.

Prior to the enactment of the statute giving thirty days for bills of exceptions, it was necessary to take them before the adjournment of the term. They had to be made a part of the record during the term at which the judgment was entered. Under the old law, they had to be taken before an adjournment to an adjourned term. *Wickes* v. *Railroad Co.,* 14 W. Va. 157. Now, the new law giving thirty days is one merely extending the former time. "Extension of time is the substance of it. It contemplates nothing else. That is its main object." *Layne* v. *Railway Co.,* 66 W. Va. 611. So the extension must run from the time that formerly barred the taking of exceptions. The adjournment contemplated in the statute of extension is the adjournment at which the term is ended in relation to the judgment as to which bills of exceptions are to be taken. It was not intended to give more than thirty days after the finality of the judgment.

The record calls for an affirmance; it will be entered.

*Affirmed.*