Anna K. Grottendick, *Guardian, etc.*

*v.*

James F. Webber

(No. 10262)

Submitted September 7, 1950. Decided October 31, 1950.

*Kermit R. Mason, Thomas W. Lewis,* for appellant.

*Parrack, Snyder & Wehner, Charles V. Wehner, Melvin C. Snyder, R. Doyne Halbritter,* for appellee.

LOVINS, PRESIDENT:

This suit originally brought by Charles Grottendick, guardian of Mary Grottendick, an infant, in the Circuit Court of Preston County against James F. Webber for the purpose of impeaching the last will and testament of Cecilia Webber, was formerly considered by this Court on appeal. The record then presented questions pertaining to the filing of an amended bill and direction and trial of an issue *devisavit vel non,* under Code, 41-5-11. It was held on that appeal that the amended bill setting up an additional cause for impeaching the will could be filed;

that the inclusion of a new ground of impeachment of the will did not change the cause of action from that set forth in the original bill of complaint; and that the contestant of the will was entitled to have an issue *devisavit vel non* tried by a jury. *Grottendick* v. *Webber,* 132 W. Va. 539, 52 S. E. 2d. 700.

After remand Charles Grottendick, guardian, died, the suit was revived in the name of Anna K. Grottendick, guardian of Mary Grottendick, and the trial of the issue *devisavit vel non* was had before a jury, resulting in a verdict that the paper writing theretofore probated as and for the last will and testament of Cecilia Webber was not her will. James F. Webber, the son of Cecilia Webber, was the proponent of the will and Anna K. Grottendick, guardian of Mary Grottendick, was the contestant. They will be hereinafter so designated.

Predicated upon such verdict the Circuit Court of Preston County, on September 22, 1949, decreed that the paper writing was not, nor was any part thereof, the true last will and testament of Cecelia Webber; that the former probate thereof in the office of the Clerk of the County Court of Preston County be set aside; and that contestant recover her costs. From that decree, proponent prosecutes an appeal to this Court.

Interlocutory proceedings were had and various rulings were made by the trial court prior to July 25, 1949. On that date a jury was impaneled, and the trial was commenced. The trial was concluded on July 28, 1949, when the jury returned the verdict: "We, the jury, find the paper writing dated November 1, 1945, in this case, is not the last will and testament of Cecilia Webber." A motion to set aside the verdict was made, as well as a motion for judgment, notwithstanding the verdict. The motions were set for hearing on August 17, 1949. The record does not disclose any disposition of the motions until September 22, 1949, when the court overruled both motions, and entered a decree on the verdict of the jury as stated above.

The Circuit Court of Preston County, on December 9, 1949, entered a decree granting an extension of sixty days, within which the proponent could perfect his appeal to this Court, and granting the proponent "An additional sixty days from the order entered on the 22nd day of September, 1949 * * *." No other order or decree seems to have been entered until February 7, 1950, when, at a special term of the Circuit Court of Preston County, a decree made proponent's bills of exceptions Nos. 1 and 2 a part of the record in this case. The decree entered February 7, 1950, recites that it was within sixty days from the adjournment of the regular October, 1949, term, which clearly is irrelevant since the final decree was entered on the 22nd day of September, which, according to the proponent's bill of exceptions No. 1, was the last day of the regular June, 1949, term of the Circuit Court of Preston County.

For a statement of additional facts, see the opinion of this Court in *Grottendick* v. *Webber, supra*.

Although not raised in briefs or oral arguments, this record calls for an inquiry whether the deposition, the testimony taken *ore tenus,* and the exhibits filed with such testimony are properly a part of the record herein.

We think that three questions are presented: (1) May the absence of a proper bill of exceptions be raised in this Court on appeal; (2) is a bill of exceptions necessary to make the evidence a part of the record on an appeal from a decree on the trial of an issue *devisavit vel non;* and (3) do the provisions of Code, 56-6-35, 36, and the decided cases with reference to a bill of exceptions in law actions apply in suits of this kind?

Bills of exceptions did not exist at common law, and are creatures of statute. In actions at law it is indispensable that a proper bill of exceptions be taken, or a certificate in lieu of such bill be made, in order that the evidence be made a part of the record. Otherwise, evidence adduced in the trial of an action at law will not be considered upon

writ of error. *Hall* v. *Shelton,* 93 W. Va. 592, 116 S. E. 12; *Railway Co.* v. *Wilson,* 122 W. Va. 467, 10 S. E. 2d. 795. A bill of exceptions in a law action may be signed by a judge "at any time before final judgment is entered, or within sixty days after the adjournment of the term at which such judgment is entered \* \* \*." Code, 56-6-35. Similar provisions are applicable to a certificate of the evidence in lieu of a bill of exceptions. Code, 56-6-36 (e). And the trial court, or judge thereof, may extend the time beyond the period of sixty days. Code, 56-6-35, 36. An extension of time must be signed within the statutory period of sixty days. *State* v. *Gas Co.,* 130 W. Va. 755, 45 S. E. 2d. 923; *State* v. *Tate,* 125 W. Va. 38, 22 S. E. 2d. 868; *Railway Co.* v. *Wilson, supra.* A stay of execution of the judgment is not sufficient to extend the time for signing the bill of exceptions. *State* v. *Gas Co., supra.* After the expiration of such period of time, in the absence of extension, there is no jurisdiction to sign a bill or a certificate, even though the litigants consent. *Crowe* v. *Corporation of Charles Town,* 62 W. Va. 91, 57 S. E. 1111. See *Layne* v. *Railway Co.,* 66 W. Va. 607, 611, 67 S. E. 1103; *Barker* v. *Stephenson,* 67 W. Va. 490, 493, 68 S. E. 113.

Properly executed bills of exceptions, or in lieu thereof certificates of the evidence, under Code, 56-6-35, 36, "are necessary to give this Court jurisdiction to hear matters which must be made a part of the record by bills of exceptions or certificate." *State* v. *Wooldridge,* 129 W. Va. 448, 457, 40 S. E. 2d. 899. See *State* v. *Varner,* 131 W. Va. 459, 48 S. E. 2d. 171, for a discussion of the subject of bills of exceptions and certificates in lieu thereof. "Jurisdiction once existing may lapse by failure to exercise it within the time limited by statute." *Nelson* v. *Nash,* 126 W. Va. 568, 574, 29 S. E. 2d. 253; *Tsutras* v. *Farrar,* 109 W. Va. 509, 155 S. E. 655. In actions at law brought to this Court by writ of error, assignments of error involving consideration of evidence not made a part of the record will not be considered, but the judgment will be affirmed. *Dudley* v. *Barrett,* 58 W. Va. 235, 52 S. E. 100. In accordance with what has been said, we are of opinion that the execution of

a bill of exceptions or certificate in lieu thereof is a jurisdictional question, and as such confronts us at the threshold of this case.

A jurisdictional question fairly raised upon the record may be considered and determined by this Court on its own motion upon appeal or writ of error. *Blosser* v. *State Compensation Commissioner*, 132 W. Va. 112, 51 S. E. 2d. 71, wherein numerous cases decided in this jurisdiction are cited. In addition see *McKinley* v. *Queen*, 125 W. Va. 619, 25 S. E. 2d. 763. We therefore determine that a proper bill of exceptions, or a certificate in lieu thereof is not shown by this record.

What has been said hereinabove relates entirely to law actions. For the purpose of contrast we advert to the principles governing the trial of equity causes.

Formerly, a bill of exceptions could be taken upon an ordinary issue out of chancery, but such bill was not always necessary. See *Henry et al.* v. *Davis*, 13 W. Va. 230, and *Nease et al.* v. *Capepart, ex'r*, 15 W. Va. 299. It is stated in the opinion of this Court in *Barrett* v. *McAllister*, 35 W. Va. 103, 113, 12 S. E. 1106, decided March 14, 1891, that "* * * correct chancery practice does not permit a bill of exception to be taken except on trial of an issue out of chancery."

By Section 1, Chapter 65, Acts of the Legislature, 1917, Code, 56-6-38, bills of exceptions in chancery suits were dispensed with, except where such bills were then required. The statutory provision has apparently been displaced by Rule X, Rules of Practice for Trial Courts, promulgated by this Court on April 10, 1936, 116 W. Va., page liv.

As a general proposition bills of exceptions or certificates in lieu thereof, are required in law actions, and are not required in suits in equity, as the law now stands in this jurisdiction. But the trial of an issue of *devisavit vel non* is *sui generis*. See *Powell* v. *Sayres*, 134 W. Va. 653, 60 S. E. 2d. 740. In *Coalter's Ex'r* v. *Bryan & wife*, 1 Gratt.

18, 86, decided in 1844, the Supreme Court of Appeals of Virginia, speaking through Judge Baldwin, said: "There is, moreover, no incongruity or any inconvenience in having the trial of the issue [*devisavit vel non*] at the chancery bar. The equitable becomes for the occasion a legal forum, and the proceedings are according to the course of the common law. In practice, the mode of saving questions decided by the judge during the trial, is the same as in common law actions, to wit, by bill of exceptions * * *." The same court in the case of *Lambert* v. *Cooper's Ex'or & als.*, 29 Gratt. 61, 66, distinguishes between the ordinary issue out of chancery and the issue *devisavit vel non,* and holds that a bill of exceptions is the proper method of saving exceptions in the trial of an issue of *devisavit vel non.* See also *Potts* v. *Flippen* (Va.), 197 S. E. 422, 425, et seq.

Examination of many cases decided by this Court, involving an issue of *devisavit vel non,* clearly indicates there is little, if any, difference between the procedure in the trial of such issue and the trial of an issue in a common law action. Therefore, we are of opinion that a bill of exceptions or certificate in lieu thereof is necessary to make the depositions, testimony taken *ore tenus* and exhibits filed in evidence a part of the record, even though the jury trial is had in a chancery forum.

Examination of the record in the instant case clearly discloses that there was no extension of time granted within the sixty days immediately following the 22nd day of September, 1949. The record discloses that the final decree was entered on September 22, 1949, and that the June term of the Circuit Court of Preston County adjourned on the same date. Therefore, the time for signing a bill of exceptions in the absence of an extension of time expired November 21, 1949. No extension having been granted until December 9, even if such extension were valid, which we do not pass upon, it was ineffective. It was necessary to make the extension before the statutory period of sixty days expired. *State* v. *Gas Co., supra; State*

v. *Tate, supra; Railway Co.* v. *Wilson, supra.* We are of the opinion, and so hold that the evidence offered before the jury is not before this Court on this appeal.

The instructions offered and refused by the parties to this proceeding are a part of the record in the case and "the formality of a bill of exceptions or any formal certification" is unnecessary, provided there is a notation thereon showing the action of the court over the signature of the judge and the objections and exceptions to the instructions are endorsed thereon. Code, 56-6-20.

The proponent makes seventeen specific assignments of error, thirteen of which may be classified as pertaining to the evidence admitted and rejected, and the legal effect of the evidence. Two of said assignments of error relate to the giving of instructions proffered by the contestant, over objections of the proponent, and the refusal of instructions proffered by proponent. We are precluded from testing the validity of the instructions given and refused where the objections are founded upon evidentiary matters not a part of the record.

We have examined with care the other objections shown on said instructions, which are a part of the record by virtue of Code, 56-6-20, and without discussing such instructions or the objections thereto in detail, we perceive no prejudicial error in the giving or refusal of instructions tendered by the proponent and contestant.

It is a general rule that an appellate court should not express any opinion on matters not properly presented for review. We are fully cognizant of that principle and adhere to it. However, in the instant case we are constrained to observe that the litigation has been protracted, and that the estate of Cecilia Webber should be settled. It is not amiss, therefore, to say that, even if we could consider the printed evidence which is not properly a part of the record but was apparently introduced before the jury on the trial of this issue, we would not be disposed to reverse the decree appealed from or set aside the verdict on which

such decree is predicated. Moreover, the record *per se* does not disclose any reason for reversal.

Accordingly, the decree of the Circuit Court of Preston County is affirmed.

*Affirmed.*