MARJORIE GILL DAVIS

*v.*

RICHARD S. PHILLIPS

(No. 10663)

Submitted September 14, 1954. Decided October 12, 1954.

*William L. Jacobs,* for plaintiff in error.

*Benjamin J. Parker,* for defendant in error.

LOVINS, JUDGE:

Marjorie Gill Davis obtained a bastardy warrant naming Richard S. Phillips as defendant. A jury trial was had May 27, 1953, during the April, 1953 Term of the Circuit Court of Wood County. The jury returned a verdict finding the defendant guilty as charged in the warrant.

At the July Term of the trial court, 1953, upon motion of the defendant, the verdict of the jury was set aside and the defendant granted a new trial. The order setting aside the verdict was made on the 3rd day of October, 1953. A certificate signed by the Clerk of the Circuit Court of Wood County and under the seal of such Court discloses that the July, 1953 Term of the Circuit Court of Wood County adjourned on October 3, 1953. A certificate in lieu of a bill of exceptions was signed by the Judge of the Circuit Court of Wood County on the 14th day of January, 1954.

From the foregoing, it is clearly shown that a certificate in lieu of a bill of exceptions was signed by the Judge of the Circuit Court of Wood County, West Virginia more than sixty (60) days after the adjournment of the July, 1953 Term of the Circuit Court of Wood County.

It is to be noted the instructions appearing in the purported record show very meagerly what the action of the trial court was with respect to such instructions. But the Judge of the trial court did not sign any notation on any

of such instructions, in accordance with the requirements of Code, 56-6-20.

The printed matter filed is in the form of a certificate in lieu of a bill of exceptions. The pertinent portion of the statute as to the time of the signing of such certificate reads as follows: "* * * Any certificate to the intents and purposes of this section may be signed by the trial judge, in term or in vacation, at any time before final judgment is entered, or within sixty days after the adjournment of the term at which such judgment is entered; * * *". Code, 56-6-36. There is no showing that an extension of time, within which a certificate in lieu of the bill of exceptions may be signed, was granted by the court.

The alleged certificate in lieu of a bill of exceptions contains the evidence taken on behalf of the plaintiff, as well as the defendant, but we do not consider the same for the reason that no proper bill of exceptions or certificate in lieu thereof is found in the record. Nor do we resolve the respective contentions of the plaintiff and defendant as to the merits.

A bill of exceptions shows on the record the supposed mistakes of a trial court which otherwise do not appear on the record. *Milling Co.* v. *Milling Co.*, 78 W. Va. 314, 88 S. E. 1079. In the instant case, though the purported certificate in lieu of a bill of exceptions was signed by the trial judge, the signing was not timely. The evidence and instructions are no part of the record and will not be considered on this writ of error. *Given* v. *Diamond Shoe Co.*, 84 W. Va. 631, 101 S. E. 153. See *Railway Co.* v. *Wilson*, 122 W. Va. 467, 10 S. E. 2d 795. "A bill of exceptions signed by the trial judge after the expiration of sixty days from the date of adjournment of court for the term during which the final judgment in the case was entered, where no extension of time for that purpose has been made within said sixty days, is void." *State* v. *Tate*, 125 W. Va. 38, 22 S. E. 2d 868. This Court will not consider such instructions, nor will the evidence be considered. *State* v. *Tate, supra.*

A bill of exceptions or certificate in lieu thereof, in accordance with Code, 56-6-36 (e) is necessary to give this Court jurisdiction to consider the matters which must be made a part of the record by proper bill of exceptions or certificate in lieu thereof. *State v. Wooldridge*, 129 W. Va. 448, 40 S. E. 2d 899. See *State v. Leadmon*, 131 W. Va. 378, 48 S. E. 2d 663, as to the extension of time for signing a bill of exceptions or certificate in lieu thereof. *Grottendick v. Webber*, 134 W. Va. 798, 61 S. E. 2d 854; *State v. Gas Co.*, 130 W. Va. 755, 45 S. E. 2d 923.

Counsel for the complainant contends that the order setting aside the verdict and granting the defendant a new trial is not a final order, and cites in support of that contention the case of *Armstrong v. Bryant*, (Va.) 55 S. E. 2d 5. We do not think that *Armstrong v. Bryant, supra,* is authority supporting the foregoing contention. *Armstrong v. Bryant, supra,* was a chancery cause, and the opinion related to testimony taken *ore tenus*. Moreover, there is no statute in Virginia similar to Code, 58-5-1 (i) hereinafter quoted. For those reasons, we do not think that *Armstrong v. Bryant, supra,* is applicable in the instant case.

In this jurisdiction there is an applicable statute reading as follows: "* * * In any civil case where there is an order granting a new trial or rehearing, and in such cases an appeal may be taken from the order without waiting for the new trial or rehearing to be had; * * *". Code, 58-5-1, Sub-Paragraph (i). The above quoted statute is identical with the ninth sub-paragraph of Serial Section 4038, Code of 1906, and was considered and applied in *Helms v. Cold Storage Company*, 65 W. Va. 203, 206, 63 S. E. 1089. This Court by clear implication there held that an order setting aside a verdict and granting a new trial is a final order, citing in support of its holding *Gwynn v. Schwartz*, 32 W. Va. 487, 9 S. E. 880; *Lambert v. Ensign Manuf'g. Co.*, 42 W. Va. 813, 26 S. E. 431. See *Cleavenger v. Rohrbaugh*, 46 W. Va. 148, 32 S. E. 1016; *Morgan v. Ohio River R. Co.*, 39 W. Va. 17, 19 S. E. 588.

It is well settled in this jurisdiction that a bill of exceptions or a certificate in lieu thereof must be signed within the time provided by Code, 56-6-35 or 56-6-36, unless the time is extended by the trial judge.

No proper bill of exceptions nor certificate in lieu thereof being found in the record, and this writ of error requiring consideration of testimony not shown in the record, we dismiss the writ of error as improvidently awarded. *State v. Gas Co., supra.* See *Harmon v. Spurlock,* 121 W. Va. 633, 5 S. E. 2d 797.

> *Writ of error dismissed as improvidently awarded.*