STATE OF WEST VIRGINIA

V.

FLOYD WORKMAN, JR.

(No. 10747)

Submitted January 24, 1956. Decided February 21, 1956

No appearance for plaintiff in error.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr., Angus E. Peyton,* Assistant Attorneys General for defendant in error.

GIVEN, JUDGE:

Defendant, Floyd Workman, Jr., was indicted at the August, 1954, regular term of the Circuit Court of Boone County, for unlawfully threatening, hindering, opposing and obstructing a constable in the lawful exercise of his duties in making an arrest. The indictment was returned August 23, 1954. On September 9, 1954, the case was tried to a jury and a verdict of guilty returned. On the same day, defendant was sentenced to serve six months in the jail of Boone County.

As appears from defendant's bill of exceptions No. 1, the only bill of exceptions attempted to be filed purporting to incorporate the evidence adduced at the trial of defendant as part of the record in this case, Walter Thurmond, a duly elected constable of Washington District, Boone County, about seven o'clock in the evening, on the last day of May, 1954, was attempting to locate, for the purpose of arrest, a man named Baldwin, for whom the constable then held a warrant. While parked on or along a public highway, the constable observed a truck approaching, which he testified looked similar to the truck which Baldwin was supposed to be driving. The constable "flagged" the truck, but the driver thereof failed to stop, and the constable, in his own automobile, followed the truck for some distance, until he was delayed by another automobile parked in the road. After the moving of the parked automobile, the constable con-

tinued for a short distance in the direction the truck had traveled, where he met the defendant, and Newell Hager, walking on the highway. The constable, then in uniform and known to the defendant to be an officer, stopped his automobile, opened the door, and asked defendant his name. Defendant refused to give his name, an argument ensued, and, after the constable had placed defendant under arrest, or had attempted to do so, a fight ensued between the constable and defendant, Hager interfering on behalf of defendant, which resulted in injuries to the officer and to defendant. Defendant escaped arrest by the constable but was, some days later, arrested by another officer upon a warrant issued upon a complaint charging the offense for which defendant was indicted. For reasons which will appear later, we find it unnecessary to state the facts in further detail.

The principal contentions of defendant are that the trial court erred in the admission of certain evidence; that it erred in not directing a verdict for defendant; that it erred in not holding that the evidence disclosed that the attempted arrest of defendant was unlawful; that defendant was justified in refusing to disclose his name, in his refusal to submit to the arrest, and in his escape; and that the trial court erred in reading to the jury State's Instruction No. 2, which reads: "The Court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that Walter Thurmond, Constable of Boone County, was engaged in the lawful exercise of his official duties, and while so engaged he requested the defendant, Floyd Workman, Jr., to disclose to him his name and the defendant refused to do so, and as a result of such refusal Walter Thurmond placed, or attempted to place, the defendant under arrest, and the defendant by force resisted being placed under arrest, then the jury should find the defendant guilty as charged in the indictment."

It will be noticed that a determination of such contentions necessitates an examination of the evidence adduced at the trial, and if such evidence has not been made a

part of the record of the case by a proper bill of exceptions, we can not, of course, determine such contentions. *Hall* v. *Shelton*, 93 W. Va. 592, 116 S. E. 12. See *Grottendick* v. *Webber*, 134 W. Va. 798, 61 S. E. 2d 854. As before noticed, defendant was sentenced by the court on September 9, 1954. No mention was made in that order of any extension or allowance of time for the perfecting or signing of any bill of exceptions or of any stay of execution. On September 24, 1954, another order was entered in the case which, after disposing of certain motions not material here, contained this provision: "Thereupon, the defendant * * * expressed a desire to appeal to the Supreme Court of Appeals of this State, for a writ of error and supersedeas to said judgment, a stay of ninety (90) days is allowed the defendant on the execution of said sentence, to allow him to apply to said Supreme Court of this State for such writ of error and the prisoner is released on bond pending said appeal." On December 8, 1954, a vacation order was entered in the case, which reads: "Whereas, on the 23rd day of September, 1954, an order was entered by the Court granting the said defendant a stay of ninety (90) days on the execution of the sentence imposed upon the defendant in order for him to apply to the Supreme Court of Appeals of this State for a writ of error and supersedeas to said judgment and

"Upon motion of the said defendant, by his attorney, that said ninety day stay of execution be extended for a period of thirty additional days, upon argument of counsel and for good cause shown the Court is of opinion to and doth hereby sustain said motion and an additional stay of execution for the period of thirty days is hereby granted, to allow the said defendant to apply for said appeal." The bill of exceptions purporting to incorporate the evidence in the record was presented to and signed by the judge of the court January 10, 1955. The August, 1954, term of the Circuit Court of Boone County was adjourned September 24, 1954.

Code, 56-6-35, provides that, in the trial of an action

at law, "* * * if the action or opinion of the court be upon any question involving the evidence or any part thereof, either upon a motion for a new trial or otherwise, the court shall certify all the evidence touching such question, and the judge shall sign any such bill of exceptions (if the truth of the case be fairly stated therein), and it shall be made a part of the record in the case, and the whole of the evidence so certified shall be considered by the court of appeals * * * Any party may avail himself of any error appearing on the record, by which he is prejudiced, without obtaining a formal bill of exceptions, provided he objects or excepts on the record to the action of the court complained of, and provided it is such a matter as can be considered without a formal bill of exceptions * * * Any bill of exceptions may be tendered to the judge and signed by him, in term or in vacation, at any time before final judgment is entered, or within sixty days after the adjournment of the term at which such judgment is entered; or if such judgment shall be entered in vacation, then within sixty days, from the time when such judgment is entered; and the court or judge may, by order entered of record, extend the time within which such bill may be tendered, signed and certified beyond such period of sixty days * * *". Code, 56-6-36, provides that a certificate of the trial judge may be had in lieu of a bill of exceptions. Code, 56-6-20, has the effect of making instructions offered to a jury, if properly marked, a part of the record of the case, without the necessity of being incorporated in any bill of exceptions, or certificate in lieu of such a bill.

In the instant case since the term of court at which the judgment complained of was rendered was adjourned on September 24, 1954, more than sixty days before the time of the signing of the bill of exceptions January 10, 1955, we must necessarily look to the orders to determine whether a proper extension of time for the perfecting of a bill of exceptions was allowed by the trial court. In doing so, we find that neither the order

of September 24, 1954, nor the vacation order of December 8, 1954, even attempted to extend or allow additional time for the perfecting of a bill of exceptions. It is true that by the order of September 24 "a stay of ninety (90) days is allowed the defendant on the execution of said sentence", and that the order of December 8 grants "an additional stay of execution for the period of thirty days * * * to allow the said defendant to apply for said appeal". But a "stay of execution" is not the equivalent of an extension of time for the perfecting of a bill of exceptions. "An order of a trial court, in a law action, based upon the motion of an aggrieved litigant, for a stay of the execution of a judgment against him, which motion is sustained, and such stay granted, 'in order that petitioner [litigant] may perfect its appeal,' will not be construed as extending the time within which such litigant may secure the signing of a bill of exceptions, or, in lieu thereof, a certificate of the evidence, under the provisions of Code, 56-6-35, 36." *State* v. *Consumers' Gas and Oil Co.*, 130 W. Va. 755, 45 S. E. 2d 923. See Code, 58-5-5.

In these circumstances, we must necessarily hold that the evidence attempted to be made part of the record by the purported bill of exceptions is not before us. It is also clear that the several contentions of defendant can not be determined without consideration of the evidence which was adduced on the trial before the jury. We have not overlooked the fact that State's Instruction No. 2, quoted above, is properly before us by virtue of the statutory provision mentioned. But whether that instruction should or should not have been read to the jury can not be determined without an examination and appraisal of the pertinent evidence, which is not part of the record. To illustrate the impossibility of such a determination, it will be noticed that the instruction told the jury that "if they believe from the evidence" that the constable "was engaged in the lawful exercise of his official duties", and found certain other facts to exist, they should find the defendant guilty. Without a con-

sideration of the evidence there is, of course, no way to determine whether the constable was or was not lawfully exercising "his official duties". Without any evidence on that point, we can not assume that the evidence showed, or did not show, that the officer had a valid warrant for the arrest of defendant.

In *Davis* v. *Phillips*, 140 W. Va. 280, 83 S. E. 2d 699, this Court held: "A writ of error granted in an action at law, the disposition of which requires consideration of evidence, no bill of exceptions or certificate in lieu thereof being found in the record, will be dismissed as improvidently awarded."

The writ of error heretofore granted herein is dismissed as having been improvidently awarded.

*Writ of error dismissed as*
*improvidently awarded.*