# CHARLESTON.

IDA ROCKHOLD v. GODFREY L. CABOT et al.

Submitted February 6, 1918.   Decided February 26, 1918.

1. COURTS—Adjournment—Power of Circuit Court.

   The circuit courts have common law powers to adjourn to a distant day, or from time to time, provided such distant day is not beyond the time to which the term could legally continue.  (p. 698).

2. SAME—Adjournment—Statute.

   Section 4 of chapter 112 of the Code providing that when a term of the circuit court is about to end without dispatching all its business, the judge thereof may, by an order entered of record, adjourn the holding of such court to any future day on which he is not required by law to hold the court in some other county, and providing that when this is done the judgments and decrees already rendered shall become final, does not restrict the common law powers of the circuit courts to adjourn from time to time, or to a distant day, providing such adjournment be to a day not beyond the time to which the term could legally continue.  (p. 698).

3. SAME—Adjournment.

   In order that the judgments and decrees rendered by a circuit court may become final, upon adjournment being taken to a distant day, the order taking such adjournment must by clear language show that it is the purpose of the court to end its term at that time, and that upon reconvening on the day fixed therefor it will sit in an adjourned term.  (p. 699).

Error to Circuit Court, Wirt County.

Proceeding on execution by Ida Rockhold against Godfrey L. Cabot and others.   Judgment for defendants, quashing the execution, and plaintiff brings error.          *Affirmed.*

*Wm. Beard,* for plaintiff in error.

*J. L. Smith, Thos. A. Brown* and *Van Winkle & Ambler,* for defendants in error.

RITZ, JUDGE:

On the 11th day of January, 1917, in the circuit court of Wirt county, a verdict was rendered in favor of the plaintiff against the defendants, and upon this verdict, after overruling

the motion of the defendants to set the same aside and grant
to them a new trial, judgment was rendered. On the same
day the court entered the following order: ''Ordered that
this Court do now adjourn until nine o'clock A. M. Tuesday,
January 23d, 1917.'' Said court reconvened on the 23d day
of January, 1917, and on the next day on its own motion set
aside the judgment rendered in favor of the plaintiff, set aside
so much of the former order as overruled defendants' motion
for a new trial, and took further time to consider said motion.
On the 6th day of March, 1917, the plaintiff sued out an exe-
cution upon the judgment so rendered on the 11th day of
January, and placed the same in the hands of the sheriff.
The defendants thereupon gave notice of a motion to quash
said execution, on the ground that the judgment upon which
it was issued had been set aside, and had no existence. On
the hearing upon this motion said execution was quashed,
and from the judgment of the circuit court quashing the
same this writ of error is prosecuted.

Plaintiff's contention is that when the circuit court of Wirt
county entered the order above quoted on the 11th day of
January, 1917, taking an adjournment until the 23d day of
January, 1917, it lost control over all judgments theretofore
entered at that term, and that it was without jurisdiction to
enter the order setting the judgment aside.

It will be seen that the sole question is, whether the judg-
ment rendered on the 11th day of January, 1917, became final
upon adjournment being taken until the 23d day of Janu-
ary? If it did, then the circuit court was without jurisdic-
tion to subsequently set it aside, and the motion to quash
the execution should have been overruled; if it did not, then
the action of the court in quashing the execution was proper.
Section 4 of chapter 112, so far as it is applicable to the
question raised here, is as follows: ''If any term of a circuit
court is about to end without dispatching all its business, the
judge thereof may, by an order entered of record, adjourn
the holding of such court to any future day on which he is
not required by law to hold a court in some other county; and
all causes on the docket of said court and not otherwise dis-
posed of, shall stand continued to such adjourned day. All
judgments, orders and decrees, rendered and made by such

court before or during the day on which said court adjourns
to such future day, as aforesaid, shall have the same force
and effect in all respects as if said court had finally adjourn-
ed on that day." It is contended by the plaintiff in error
that under the provisions of §2 of ch. 114, the circuit court is
without power to adjourn except from day to day without
rendering the provisions of §4 of ch. 112 applicable to such
adjournment. In *Mann* v. *County Court*, 58 W. V. 651, it
was held that the provisions of §2 of ch. 114 authorizing cir-
cuit and county courts to adjourn from day to day until
their business is dispatched, or until the ends of their terms,
does not limit or restrict the common law powers of such
courts to adjourn to a distant day, or from time to time, pro-
vided the day fixed be not beyond the time to which the term
could legally continue. In other words, the effect of that
holding is that the provision for adjournments from day to
day is directory, and that the courts may still exercise their
common law powers of adjourning from time to time, or to a
distant day, as it is sometimes expressed. This construction
of that statute is not called in question by the plaintiff in
error, her only contention being as to the effect of such an ad-
journment to a distant day. Does the proper construction
of §4 of ch. 112 above quoted require that its provisions be
applied in case the court adjourns for a longer time than one
day? It will be observed that this statute says that when a
term of a circuit court is about to end without dispatching
all its business, then it may be adjourned to a distant day,
and the judgments theretofore entered at that term shall be-
come final. This statute contemplates that for some reason
the term is about to end. There is no intimation in the record
here that the judge of the circuit court of Wirt county had
any intention of ending the term, or that there was any reason
for ending the term on the 11th day of January. Will this
statute be given a construction which will restrict the com-
mon law-rights which courts had to adjourn from time to
time without losing their power over the judgments rendered
during the term? It is well established by the authorities
that if the court upon convening on the 23d day of January,
1917, was in an adjourned term, then it had no power to set

aside the judgment rendered on the 11th day of January. *Childers* v. *Loudin*, 51 W. Va. 559; *Helms* v. *Greenbrier Valley Cold Storage Co.*, 65 W. Va. 203. It will be observed, however, in the Helms case, last above cited, that the order adjourning the term to a distant day recited in it that the court was about to adjourn without completing the business of the term, and adjourned until the adjourned term to be holden on the future day. In all of the cases in which this question has been involved where it was held that the continuation of the term was an adjourned term, the order of adjournment to the distant day recited the fact that the court was about to adjourn without dispatching its business, or that the adjournment was taken to an adjourned term, or some equivalent language. The order here contains no such provision, but is simply an order taking a recess from the 11th day of January until the 23d day of January. If it were not for §4 of ch. 112, above quoted, there would be no question but that this would be a continuation of the term begun earlier in the month, the court having a clear right under its common law powers to take a recess for such a length of time. Can we assume that the legislature intended to restrict this right by enacting this statute? When we bear in mind that at the time this statute was enacted the terms of circuit courts were compelled to end at the time fixed for convening a term in another county, and that in some instances, on this account, the time allowed for the continuance of the terms was very short, we can see that it might well happen that a circuit court would be adjourned by operation of law before its business was dispatched. This statute having come into our legislation when this condition existed, we are rather of the opinion that it was the purpose of the legislature to extend the power of the circuit courts in the matter of adjournment rather than to limit it, and to provide for the continuance of a term at some time in the future, when the term in another county was over, rather than to lose the benefit of the term entirely. Important litigation might be in process of trial when the time arrived for the holding of a term in another county in the circuit, and without the aid of this statute the time engaged in such a trial would be lost, inasmuch as the term would have to adjourn. However, with

the aid of this statute the court may adjourn the term over to a day when the term in such other county in the circuit would be concluded, and then resume such trial where it had been interrupted by the adjournment. In the case of *Mann* v. *County Court,* 58 W. Va. 659, Judge POFFENBARGER, in discussing the particular construction to be given to the statutes providing for the adjournment of courts, lays great stress upon the interpretation that has been placed upon them in practice, and we think that where there is language used that is susceptible of two constructions, or of doubtful application to a particular state of facts, it must be quite true that that construction which it has generally been given should be followed. We know that as matter of fact it has been the practice of the circuit courts of the state to adjourn for longer times than one day without any intention of making their judgments final, or of considering the term an adjourned term when it reconvenes. When we consider the history of the enactment of this statute and the condition which it was evidently sought to remedy, as well as the universal construction placed upon it by the courts of the state, we are led to the conclusion that it was passed for the purpose of extending the powers of the courts in regard to adjournments rather than restricting them; that it gave to the courts, in addition to the right possessed by them at common law to adjourn from time to time so long as such distant day was within the time that the term could continue, the right to adjourn over to a time beyond the time fixed for the adjournment of the term by law, but that when this was done such continuance would become an adjourned term. We are of opinion, therefore, that in order that a continuance of a term of a circuit court may be treated as an adjourned term, and the judgments and decrees already rendered be treated as final, the order adjourning over to the day on which it is expected, to reconvene must recite that the court is about to adjourn without having transacted its business, that the adjournment is taken to an adjourned term, or some language of similar import, to show the clear intention upon the part of the court to create an adjourned term upon reconvening.

It follows that the judgment complained of will be affirmed. *Affirmed.*