# CHARLESTON.

THE MONONGAHELA BANK OF FAIRMONT *v.* GEORGE T. WATSON

(No. 6466)

Submitted November 19, 1929. Decided November 26, 1929.

*Charles Powell,* for plaintiff in error.

HATCHER, JUDGE:

On August 28, 1928, notice of motion for judgment was served on defendant by plaintiff, returnable September 18th. The notice was filed in the clerk's office on August 29th. On

the return day of the notice, at a special term of the circuit court, the motion was docketed and default judgment taken, the plaintiff waiving a jury. The lower court refused to reverse the judgment at the next succeeding regular term. The validity of the judgment is questioned here on the ground that (a) it is void for lack of jurisdiction, and (b) to allow such a judgment would give an unfair advantage to a creditor, who knew of the special term, over one not so informed.

(a) Section 8, Chapter 112, Code, provides that "Any cause, civil or criminal, and any motion or proceeding ready for trial or hearing, may be tried, heard and determined at any such special term, the same as if it were a regular term of such court." No plainer statement of jurisdiction could be made. A special term is thereby placed on an absolute parity with a regular term, as to the hearing of motions. The procedure prescribed in section 6 of Chapter 121, Code 1923, as amended by Acts 1925, Chapter 81, section 6, was strictly followed in this case. The motion was therefore ready for trial. The judgment was within the jurisdiction of the court.

(b) If the statute allows an unfair advantage to the diligent creditor, that is a matter of policy which is referable to the legislature, not the judiciary. Besides, a preference thus secured against an insolvent debtor is fruitless under the bankruptcy laws if the other creditors act promptly.

The judgment is affirmed.

*Affirmed.*

WOODS, PRESIDENT, dissenting:

I am unable to agree with the majority of the Court in the decision of this case, and, in view of the importance of the question of procedure involved, I feel impelled to state briefly the grounds of my dissent.

The proceeding or suit by notice of motion is essentially an action at law under our decisions. It is in derogation of the common law and allowed effect only to the extent clearly indicated by the terms used. Nothing can be added otherwise than by necessary implication arising from such terms. *Bank* v. *Thomas*, 75 W. Va. 321. The whole

system involving the institution and prosecution of actions at law is constructed with reference to the regular terms of court provided by statute. Process always issues with reference to a regular term. Code, Chapter 124, section 2. The preparation of a docket by the clerk, in which all actions at law matured for hearing are set for trial, refers alone to regular terms of court. Code, Chapter 131, section 1. Our whole judicial procedure is built on the theory that litigants and the public generally are advised by law of the time of such regular terms when litigious matters will be settled. Our lawmakers have wisely provided for the dispatch of the business by providing for adjourned terms of court at which all matters left undisposed of at such adjournment may be taken up and acted upon at such adjourned day. Chapter 112, section 4. In recognition of the salutary principle that all judgments become final at the close of the regular term, at which they are entered, we have held that the order providing for the adjourned term must by clear language, show that it is the purpose of the court to end its term at that time, and that upon reconvening on the day fixed therefor it will sit in an adjourned term. *Rockhold* v. *Cabot*, 81 W. Va. 697. It is significant that the statute provides for special terms only where "such court has ended without dispatching all its business, or if there be a failure to hold any term, or wherever he thinks the public interest requires it". Code, Chapter 112, section 5. Aside from matters involving public interest the work at such special terms is confined by the statute to matters matured and undisposed of at the preceding term of court, either by failure to make disposition of them regularly or where the term was not held. All the early legislation concerning the summary method of motions for judgment clearly recognized the regular terms of court as the time for the application of the remedy. Such motion was first required to be docketed by the clerk under section 1, of Chapter 131 of the Code, and hence such motion was required to be filed before the beginning of the term. Acts 1915, Chapter 78. Does later amendatory legislation change the plan? In the Acts 1925, Chapter 81, it is provided that

after twenty days' notice to the debtor and its filing in the clerk's office fifteen days before the motion is heard, judgment may be taken. But, to take care of cases not falling within the foregoing rule, it was further provided that "such motion may be commenced and matured during the term of said court and may be heard at the same term; *provided,* said term continues for a period of twenty days after the service of said notice." The main purpose of the 1925 Act is clearly set out in the foregoing quoted words, namely, to facilitate procedure by enabling such proceedings to be instituted and matured during a single regular term. But if the term be adjourned before the maturity of the case for hearing, the act makes the further significant provision: "If said term be adjourned, then said motion shall stand *continued until the first day of the next regular term of said court.*" If it was the intention of the legislature to provide for the return and hearing of such motion at a special term, why insert the foregoing provision? Why the use of the expression "regular term"? That disposition of such motions at regular terms was intended is further shown by the fact that of necessity the term would have to be of long duration to accomplish the primary purpose of the act—that of giving the notice and hearing the case at the same term.

So, in the absence of a special declaration of legislative intent so to do, it is not to be presumed that by its Act of 1925 it intended the radical departure from settled procedure which is involved in this case. To permit such course to be followed, through what I conceive to be a too liberal construction of the act, will tend to unsettle the orderly and conservative procedure which it is the policy of the law constantly to maintain.

JUDGE MAXWELL authorizes me to say that he concurs in this note of dissent.