# CHARLESTON.

## JORDAN *v.* JORDAN.

### Decided December 21, 1900.

1. BILL OF EXCEPTIONS—*Signing.*

    Bills of exceptions must be signed, either during the term at which final judgment is rendered or within thirty days after its close, else they are no part of the record, and cannot be considered by this Court. (pp. 601, 602).

2. AFTER FINAL JUDGMENT—*Time Allowed.*

    A court has no power to grant more than thirty days' time after a term at which final judgment is rendered for signing a bill of exceptions, and bills signed after thirty days from the

close of such term are signed without jurisdiction, and are no
part of the record. (p. 605).

Error to Circuit Court, Mason County.

Action by A. V. Jordan against E. E. Jordan. Judgment for
defendant, and plaintiff brings error.

*Affirmed.*

H. R. HOWARD, L. C. SOMERVILLE, and GEORGE POFFENBAR-
GER, for plaintiff in error.

W. R. GUNN and C. E. HOGG, for defendant in error.

BRANNON, JUDGE:

This is an action of ejectment in the circuit court of Mason
County by A. V. Jordan against E. E. Jordan. The circuit court
directed the jury to find for the defendant, and the jury did so,
and judgment was rendered for the defendant.

We must first inquire whether we can review the proceedings
in the case at all, as the defendant moved the court to expunge
from the record and disregard all the bills of exceptions pre-
senting the merits of the case. This motion is made upon the
claim that those bills of exceptions were made by the judge more
than thirty days after the close of the term at which the case
was tried. That term in fact ended the 13th of May, 1898, as
certified; but the court must judicially know that its term did
not pass 21st of May, 1898, when the term in Putnam County
began, as we take judicial notice of "courts of general jurisdic-
tion, their judges, seals, rules and maxims in the administration
of justice, and course of proceeding, including the duration and
dates of terms of courts." 1 Greenleaf, Evidence, s. 6a. The
question is whether bill of exceptions No. 1, containing the evi-
dence and all the proceedings in the case, was made on the 9th
of May or 3rd of August. An order in the case on the 9th of
May states that the plaintiff asked twelve instructions, which the
court refused to give, and that to this action of the court "the
plaintiff excepted and took a bill of exceptions, marked bill of
exceptions No. 1, containing each and every one of said instruc-
tions, and which is made a part of the record herein." At the
end of the judgment in the same order we find the following:
"Memorandum. Upon the trial of this cause the plaintiff ex-

cepted to several rulings of the court during the progress of the trial, both before and after the verdict, and upon motion of the plaintiff he has ninety days from the rising of this court to prepare formal bills of exception to said rulings, which are to be made part of the record in this cause when properly prepared for the purpose." Then we have a vacation order showing that on the 3rd of August, the parties appeared before the judge and the plaintiff moved him to execute "bills of exception embodying the several exceptions taken by the plaintiff at the trial of the above entitled cause to the rulings and opinions of the court made during the trial thereof, which bills of exceptions are numbered, respectively, one, two, three, four, five, six, seven, eight and nine, and make the same a part of the record in said cause, as of the 10th day of June, 1898, by a *nunc pro tunc* order, that being within thirty days from the date of the adjournment of the term of court at which said cause was tried;" and that the judge overruled that motion, but certified that upon the trial "the plaintiff having excepted to several rulings and opinions of the court, this day tendered his several bills of exceptions aforesaid numbered, respectively, one, two, three, four, five, six, seven, eight and nine, and the same, together with the certificate of the evidence given in said cause, on this 3rd day of August, 1898, are signed, sealed and saved to him and made part of the record in said cause." There is one bill of exceptions No. 1 in the printed record, and one only; and the question is, was it made on the 9th day of May or the 3rd day of August? Does it belong to the order of the 9th of May, or to that of the 3rd of August? If it belongs to the one, it is in time; if to the other, it is not in time, and is not valid. The whole face of the case and its probabilities show that that bill of exceptions was not made on the 9th of May, and that no bill of exceptions was then made, but that the making-up of them was postponed to a future day. The order of the 9th of May is not explicit in saying, as it usually does, that the bill of exceptions was signed and sealed, which is a circumstance against the idea that it was then made up, it merely declaring that the plaintiff took a bill of exceptions. That no bill of exceptions was made on that day is strongly manifested by the fact that on that same date, in the same order, at its close we find the memorandum stating that the matter of making up bills of exceptions "to several rulings of the court made during the progress of the trial of this cause both before

and after the verdict," was postponed for ninety days to allow the plaintiff "to prepare formal bills of exceptions to the said rulings." Note, that this phraseology covers all the rulings during the trial, including that relative to the instructions. The motion for a *nunc pro tunc* order shows that never before were the bills presented. What I have said on the face of the order of 9th of May is sufficient alone to show that no bill of exceptions was in fact made that day; but when we bring before us the judge's order of 3rd of August, it strongly confirms this position, because it says that nine bills were presented to him, one being marked No. 1, and that those bills embody all the exceptions of the plaintiff to the rulings and opinions of the court made during the entire trial. Now, if the court had already made a bill of exception No. 1 on the 9th of May, why make another one on the 3rd of August? We do not find two bills numbered one, and if there were two, one is lost. And why does this order of the 3rd of August import that the nine bills then presented covered all the rulings in the case, if bill of exceptions No. 1, containing instructions and certificate of evidence, had already weeks before been made? And observe that the judge's order says that it was that day when he made the certificate of evidence given in the case, thus unquestionably showing that never until the 3rd of August did he make a certificate of the evidence, and when we turn to bill No. 1 we find embodied in it the evidence, conclusively proving that never, until that day, was that bill No. 1 made, and certainly proving conclusively that never till then was any certificate of evidence made. Moreover, we find in that bill No. 1 twelve instructions numbered from 1 to 12. They are surely the same ones named in the order of May 9, but never actually incorporated into a bill of exceptions until August 3rd. The judge's order says that the certificate of evidence was made by him August the 3rd, and turning to the paper marked bill of exceptions No. 1, headed "Certificate of Evidence," thus showing its date, we find in it this certificate of evidence; but we find other internal evidence on the face of that bill of exceptions No. 1 clearly showing that it was never made until August 3rd; for we find that the stenographer never finished the translation of the evidence taken in shorthand into long hand until June 30th. That translation could not have been completed on the 9th of May. And again, bill No. 1 gives all the evidence and proceedings, as upon a motion for a new

trial, tending to show that it was not a bill of exceptions taken 9th of May for the refusal of instructions. And still further, to show that the certificate of evidence and in fact, bill No. 1 incorporating it, were never made until August 3, let us remember that the order of 9th May does not speak of any certificate of evidence, which we know was not then presented, because the judge says that it was first presented on August the 3rd, and that order of the 9th of May speaks only of a bill of exceptions to the action of the court refusing instructions, and as bill of exceptions one incorporates the evidence, the bill No. 1 before us, the only bill No. 1, could not be that referred to in the order of May 9. If the order of 9th May alone stated that bill No. 1 was made, and there was no order of August 3 showing that a bill No. 1 was made on the latter date, then we could say that the bill should be identified as that mentioned in the order of May 9; but there stands the order of 3d of August saying that on that date bill No. 1 was made, and therefore we cannot say, as in the case of *Simmons* v. *Looney,* 41 W. Va. 738, that the bill belonged to May 9; for in this case there is the judge's order of August 3 speaking in the case, whereas in the Simmons case there was no subsequent order claiming the fatherhood of the bills of exceptions. If the question were whether the instructions constituted error in their refusal, doubtless we could identify them by the order of May 9 under principles stated in *Hughes* v. *Frum,* 41 W. Va. 452, and *Gilmer* v. *Sydenstricker,* 42 *Id.* 55, as the true instructions; but the identity of those instructions is not the question, that question being whether the certificate of evidence was made on the 9th of May or 3rd of August. Our conclusion is clear that bill of exceptions No. 1 incorporating the evidence and other proceedings in the trial was not made until August 3, 1898. I need not have said so much on this point, as it would be enough to say simply that we found said bill to date on the 3rd of August; but in deference to counsel I have thought it proper to give reasons for the conclusion.

That bill of exceptions No. 1, with its certificate of evidence, not having been made until the 3rd of August, cannot be considered. Before chapter 100, Acts 1891, section 9, chapter 131, Code 1899, a bill of exceptions or certificate of evidence must be signed before the close of the term of final judgment; but that act gave thirty days, and only thirty days, after the term for the signing of such bills. *Welty* v. *Campbell,* 37 W. Va.

797; *State* v. *Glumpy, Id.* 805; *Findley* v. *Whitley,* 46 Ohio
St. 524; *Winston* v. *Giles,* 27 Grat. 530. The judge cannot extend the time beyond the thirty days after term, because the statute limited the time to that period, and any bill of exceptions made after that time is void and no part of the record. *Winston* v. *Giles,* 27 Grat. 530; 3 Ency. Pl. & Prac. 470, 481; *Doherty* v. *Lincoln,* 114 Mass. 362; *Conway* v. *Callihan,* 121 Mass. 165; *Carroll* v. *Saunders,* 38 Ark. 216. In *Village* v. *Howland,* 136 Ill. 81, (26 N. E. 495), it is said: "The settling of a bill of exceptions, and also the extension of the time of filing same, are judicial acts, and it follows that such acts can be performed only while the court or judge had jurisdiction of the subject matter and the parties. Where an order is entered at the term at which judgment is rendered, extending the time for presenting the bill of exceptions to some day beyond the term, jurisdiction to settle and sign the bill is retained until the expiration of the time thus limited: If no bill of exceptions shall be presented to the judge within the time prescribed, the jurisdiction to sign the same will have expired, unless the time has been extended by some competent authority, and if so extended, the same result follows if no bill is presented within the period of such further extension." In Illinois a statute allowed a court to extend the time for a fixed period, and it is held that when once the court has exercised its discretion and fixed a time, the bill must be signed within that time, and that the matter is jurisdictional, and that after the time the court is without jurisdiction to sign any bill. The court cannot grant a longer time than the statue allows. *Allen* v. *Levy,* 59 Mass. 614.

Therefore we cannot review the action of the court to see whether the direction to find a verdict for the defendant, or the refusal of a new trial, because we have no evidence by which to tell whether the rulings were right or wrong. Nor can we say whether the giving or refusal of instructions was right or wrong for the same reason. Nor for the same reason can we say whether the refusal of certain evidence or the admission of an award was right or wrong, because we have no evidence to enable us to say whether the award and evidence offered, as shown by other bills of exception, were relevant to the case or not. We have no means of reviewing the case, and therefore, we have only to apply the familiar rule that error is never presumed until it is manifested by record, but, on the contrary, the judgment is

presumed to be right. *Furbee* v. *Shay*, 46 W. Va. 736. Therefore we affirm the judgment.

*Affirmed.*