# CHARLESTON

## HORNER *v.* AMICK.

Submitted March 4, 1908.    Decided March 24, 1908.

1. BILLS AND NOTES—*Action by Assignee—Proof of Assignment.*

    In a suit on a promissory note by an assignee the bill simply stating that the note was assigned to the plaintiff by its payee, not alleging a written assignment, and an answer denies the assignment, the plaintiff must prove it, though such answer is unsworn. (p. 173.)

2. SAME—*Execution of Note.*

    Where a bill alleges that a person made a promissory note, and an answer, verified by affidavit, denies that such person made the note, the plaintiff must prove the signature and execution of the note.    (p. 174.)

3. COURTS—*Appeal—Decision of Court—Reasons in Writing.*

    That provision of the Constitution that when a judgment or decree is reversed or affirmed, by this Court every point fairly arising on the record shall be decided, and the reasons therefor be stated in writing, is directory only.    (p. 175.)

Appeal from Circuit Court, Clay County.

Bill by Charles A. Horner against Elizabeth Amick and others.    Decree for plaintiff and defendants Elizabeth and W. N. Amick appeal.

*Reversed.*

H. B. DAVENPORT, for appellants.

BELL and SPRINGSTON and B. C. EAKLE, for appellee.

BRANNON, JUDGE:

Horner brought a chancery suit against Elizabeth Amick and others, the bills charging that Stevenson had conveyed to J. R. Amick a lot in Henry, Clay county, by deed and delivered it, and that sometime afterwards, said deed not having been recorded, J. R. Amick surrendered to Stevenson the deed and caused Stevenson to convey part of the lot to Elizabeth Amick, his wife.    The bills state that J. R. Amick and Legg made a promissory note to Whelan for $110, and that Whelan had assigned the note to Horner.    J. R. Amick died.    Horner's suit sought to subject the part of said lot so

conveyed by Stevenson to Elizabeth Amick on the theory
that the said lot was the property of the estate of J. R.
Amick, because the mere surrender of a deed after delivery,
does not transfer back to the grantor the land, but title thereto
still stands in the grantee notwithstanding such surrender of
the deed and also charged that the conveyance was fraudu-
lent. Elizabeth Amick filed an answer denying that J. R.
Amick ever made said note to Whelan, and denying that
Whelan ever assigned it to Horner. This answer is not
sworn to. W. N. Amick, son and heir of J. R. Amick, de-
ceased, filed an answer, verified by affidavit, denying that
his father ever made said note to Whelan, and denying that
Whelan ever assigned it to Horner. The court subjected to
Horner's debt the part of the lot so conveyed by Stevenson
to Elizabeth Amick, and Elizabeth Amick and W. N. Amick
appeal the case to this Court.

Horner must lose the case because both said answers deny
the fact of the assignment of said note by Whelan to Horner.
Horner must have and prove title to obtain a decree. The
bills simply say that Whelan for valuable consideration
assigned the note to Horner, not saying that the assignment
was in writing. The approved forms usually state, where
the assignment is written, that the party by a writing in-
dorsed on the note signed by him for valuable consideration
assigned the note. Though no formal assignment is made,
but the assignor writes only his name on the note, still the
allegation ought to be that the assignor by a writing signed
by him for valuable consideration assigned the note, because
the law is that the assignee may write over the name a formal
assignment, if he wishes. The name so endorsed is an assign-
ment, and is so pleaded. The note in this case contains
Whelan's name endorsed; but the bill makes no averment
that the assignment was in writing. I think that section 40,
chapter 125, Code, saying that where a pleading alleges that
any person made, endorsed or accepted any writing no proof
of hand writing shall be required unless the fact be denied
by affidavit, only applies where such pleading avers that the
party subscribed his name to the note, assignment or accept-
ance. It was pointedly so held under the original act
of 1828, from which our section proceeded. *Kelly* v. *Paul*, 3.
Grat. 191; *Shepherd* v. *Fry, Id*. 442. That old statute said

in words that where the declaration shall allege that any person "made, assigned, endorsed or accepted the same (a writing) and subscribed his or her name thereto," no proof of hand- writing should be required.  The present section does not demand in letter that the pleading shall aver that the party subscribed his name; but it was hardly intended to change the law.  In *Phanp* v. *Stratton*, 9 Grat. 615, the court said that the Code of 1849, making the section read as ours does, was not designed to change the construction given by former decisions.  The words that no evidence of "hand writing" shall be required unless it be "denied by affidavit with the plea which puts it in issue" imports an allegation of hand writing in the declaration.  So, I conclude that as a written assignment is not alleged, the answer of Elizabeth Amick, though not verified, calls for evidence of assignment.  Therefore, both answers, though one is unsworn, demand proof of assignment.  Had there been in the bill the allegation of a written assignment, Elizabeth Amick's answer not being sworn, would not call for proof of assignment; but as there is no allegation of a written assignment that answer calls for proof of assignment, under the well known rule that where one carrying the burden of proof makes an allegation, and that allegation is traversed, the alleger must prove the allegation.  We must not think that where the pleading simply says that a note had been "assigned" such allegation legally imports a written assignment, since the law is that a note may be assigned either in writing or by word of mouth with delivery.  *Wilt* v. *Huffman*, 46 W. Va. 473.  So also the answer of W. N. Amick demands such proof.  Even if there had been an allegation of written assignment, his sworn answer would have called for proof of assignment.  The statute, the Code, chapter 125, section 40, dispensing with proof of written assignment where a written assignment is alleged, has no application to an oral assignment.  It applies only to a written assignment written as such.  *Clason* v. *Parish*, 93 Va. 24.  The answer sworn to denying the execution or assignment of a note is sufficient to call for proof from the complainant to show execution and assignment of the note.  *Piedmont Bank* v. *Hatcher*, 94 Va. 229.  There is no proof of such assignment of the note, or of Whelan's hand writing.  The answer of W. N. Amick, as above stated, denies the

execution of the note by his father. The only proof of such execution is by Legg, the joint maker with J. R. Amick. Legg is a party to this case. In giving evidence of the execution of the note by Amick and himself he gives evidence against his own interest in a sense; but then that evidence goes to fix on J. R. Amick's estate a debt, and thus places the liability on that estate for the relief of Legg as surety and thus he has interest in the result. It is quite likely that Legg is not a competent witness of this personal transaction with J. R. Amick, now deceased, under chapter 130, section 23 of the Code. *Patterson* v. *Martin*, 33 W. Va. 494; *Jones* v. *Raines*, 4 Randolph 386. We do not deem it important to discuss this matter, nor some other matters presented by the record because the case does not go back to the circuit court for further action, so as to require us to give guidance to the court in the particular case; nor is such discussion of these other matters necessary otherwise, since they involve no principles of law not fully discussed in former decisions of this Court and constituting settled law. The Constitution in directing this Court to pass on all matters arising on the record surely does not mean that in every case we shall do this, and thus rehash again and again principles found in former decisions and constituting well settled law, and filling the reports with useless matter. Several times this Court has declared that that provision of the Constitution is only directory. *Hall & Smith* v. *Bank*, 15 W. Va. 323; *Henry* v. *Davis*, 13 *Id*. 230. It should be fairly applied and all points involving novel questions of law not already settled should be passed on; but I have never been able to see that it demands of this Court discussion again and again and re-decision of law well settled about which there can be no dispute, where the rule of *stare decisis* applies.

Complaint is made that W. N. Amick was allowed to file his answer very late in the progress of the case and after the expiration of sixty days allowed for him to do so. This was some days before the decree. The answer simply denied the allegation. Amick took no proof. Plaintiff was entitled to a continuance to take more proof, but did not ask it. The statute allows an answer before final decree, with the provision that it shall not delay except for good cause. A court

must be slow to deny the great right of defence. Except it delay, the statute gives "right to defendant to be heard even to the very hour of final decree," said JUDGE ROBINSON in *Wilson* v. *Kennedy*, 59 S. E. p. 740, 2nd. Col.

Therefore, we reverse the decree of the circuit court so far as it decrees the debt against the estate of J. R. Amick and subjects to it the real estate conveyed by E. L. Stevenson to Elizabeth Amick by deed dated 1st day of November, 1895, and dismiss the plaintiff's suit as to the administrator of J. R. Amick and as to Elizabeth Amick and W. N. Amick.

*Reversed.*