STATE OF WEST VIRGINIA *v.* JAMES M. SMITH

(No. 8570)

Submitted September 28, 1937. Decided November 2, 1937.

*Martin Brown* and *Paul J. Shiben,* for plaintiff in error. *Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant seeks reversal of a judgment entered upon a conviction of involuntary manslaughter.

While Samuel Supan was pushing a wheelbarrow close to the right-hand curb of a paved street about thirty feet wide, in broad daylight, with no opposite traffic near him at the immediate time, he was struck from behind by a truck, and later died of injuries then received. The truck was proceeding at a moderate rate of speed, but, according to two witnesses who had been following it for about a half mile in an automobile, the truck had been pursuing a very erratic course. A bystander close to Supan testified that as the truck approached them it was weaving from one side of the street to the other. An observer from a nearby window who first saw the truck when it was about ten feet from Supan, noticed that it swerved in towards the curb as it struck him. It did not stop at the place of the accident, but was kept in sight by eye witnesses thereof, and shortly overtaken. Its sole occupant was defendant. The bystandar was unable to identify the driver of the lethal truck, but made a note of its license number, and the number noted was that of the license on defendant's truck. Witnesses for the state testified that he was under the influence of intoxicants. He denied such influence, denied driving in a careless manner, denied any knowledge of the truck striking Supan, and denied even seeing him. He produced evidence in support of his sobriety, and evidence of his good reputation.

The indictment is in the form of that for voluntary manslaughter prescribed by Code, 62-9-4, except that the word "feloniously" is omitted. Because of this omission, defendant insists that his demurrer to the indictment should have been sustained. Involuntary manslaughter is a misdemeanor. Code, 61-2-5. Consequently, a charge of felony would be gratuitous in an indictment for this offense.

Defendant characterizes the testimony of the state's witnesses as contradictory and inconclusive, and contends that it does not make a case against him. We regard his

censures of the testimony as extreme and do not follow them. Code, 17-8-18, makes it a misdemeanor to drive a vehicle upon the highway "without due caution and circumspection and * * * in manner so as to endanger * * * any person." The evidence leaves no reasonable doubt that defendant's truck struck Supan, and that defendant was driving it at the time. Under the circumstances surrounding the accident, had defendant been cautious, he must have seen and avoided Supan. The evidence of defendant's erratic course just prior to the accident serves to emphasize his incaution. The conflict of the evidence on the question of his intoxication is not important. Intoxication would explain his conduct, but the state is not required to explain it. The bare facts of the casualty, alone, unpalliated by defendant in any manner, makes a *prima facie* case against him under the statute.

The defendant assigns error to several instructions given the jury, at the request of the state. We observe no error except in one, which required the conviction of defendant if the jury found merely that he was under the influence of intoxicating liquor at the time his truck struck Supan. We conceive that a driver, even so influenced, might exercise due caution. Consequently, the failure of this instruction to submit to the jury the question of defendant's care and heed, made the instruction defective. That failure would be fatal if the evidence warranted a finding that defendant was duly cautious, or that Supan himself contributed to the accident. But the record supports neither hypothesis. There is no evidence whatever indicating that Supan was negligent, and the evidence is conclusive that defendant was so. A mere technical error should not be permitted to overshadow the material facts of this case. They are all against defendant. He has presented no substantial defense to them. Technicalities are designed to safeguard innocence or innocence presumed. But the realities here have excluded defendant from that design. We reiterate what we said in *State* v. *Rush,* 108 W. Va. 254, 260, 150 S. E. 740, 742: "The accused was, of course, entitled to a fair trial. But the term 'fair trial' does not imply a perfect trial. A trial

without prejudice to the accused is a fair one. And because a perfect trial is rarely, if ever, possible, necessity and common sense have evoked the rule of *harmless error*, as to error which does not prejudice. That rule is: A verdict will not be reversed merely because of error committed by the trial court, but only when the error has been harmful to the appellant." The error of this instruction being harmless, it will be disregarded. *State* v. *Dephenbaugh,* 106 W. Va. 289, 145 S. E. 634.

Defendant makes in all twenty assignments of error. Those not herein referred to either involve well settled law or, if touched by error, are so obviously unprejudicial that comment should be unnecessary. We are conversant with the Constitution, Art. VIII, Section 5, which provides that "every point fairly arising upon the record of the case shall be considered and decided; and the reasons therefor shall be concisely stated in writing." But that provision does not say that every point the ingenuity of counsel can raise shall be taken as a "point fairly arising upon the record", and neither has that provision ever been considered mandatory. One of the greatest jurists of this court, Judge Brannon, said: "The Constitution in directing this Court to pass on all matters arising on the record surely does not mean that in every case we shall do this, and thus rehash again and again principles found in former decisions and constituting well settled law, and filling the reports with useless matter. Several times this Court has declared that that provision of the Constitution is only directory." *Horner* v. *Amick,* 64 W. Va. 172, 175, 61 S. E. 40, 41.

The judgment is affirmed.

*Affirmed.*