GRACE L. CRUSENBERRY

*v.*

NORFOLK & WESTERN RAILWAY COMPANY, *et al.*

*and*

ORLAND D. VAN DYKE

*v.*

NORFOLK & WESTERN RAILWAY COMPANY, *etc.*

(No. 12971)

Submitted January 26, 1971.    Decided March 30, 1971.

Dissenting Opinion April 2, 1971.

Petition for Rehearing April 29, 1971.

Rehearing Denied June 22, 1971.

Crockett, Tutwiler & Crockett, J. Strother Crockett, for appellant.

Owen R. Griffith, Jr., for appellee Orland D. Van Dyke.

Ballard & Shinaberry, Sterl F. Shinaberry, W. H. Ballard, for appellee Crusenberry.

CAPLAN, PRESIDENT:

This is a proceeding on a motion to reinstate an appeal which had been granted by this Court and subsequently dismissed as improvidently awarded.

In a civil action instituted in the Circuit Court of McDowell County a trial before a jury resulted in a verdict in the amount of $15,000.00 in favor of the plaintiff, Grace Crusenberry, and a verdict in favor of Orland D. Van Dyke, on his cross-bill, in the sum of $5,000.00. After a motion to set aside the verdicts and to award a new trial was considered, the court overruled the motion and entered a final order. An appeal sought by Norfolk & Western Railway Company, the defendant in that case, was granted by this Court on June 15, 1970.

Upon receiving notice from the Clerk of this Court that an appeal and supersedeas had been awarded, the appellees, on July 14, 1970, filed a motion to dismiss the appeal. This matter was heard on September 2, 1970 and on September 14, 1970 the motion to dismiss the appeal was granted. Subsequently, on September 22, 1970, the appellant filed its petition to reinstate the appeal. The matter was set for hearing and was submitted for decision on January 26, 1971, on the briefs and argument of counsel for the respective parties.

The ground for the motion to dismiss the appeal was the failure of the appellant to give notice to the appellees that it had filed in the Circuit Court of McDowell County a transcript of the proceedings had and testimony taken at the trial for the purpose of presenting a petition for appeal to this Court, as required by Rule 80 (c) of the West Virginia Rules of Civil Procedure. The appellees allege, in addition to the appellant's failure to give such notice, that they did not receive a copy of the transcript and had no actual knowledge that it had been filed; that they were deprived of the right afforded by Rule 80 (c), R.C.P. to assign error or omission in any part of the transcript and testimony taken at the trial; and that they were deprived of the opportunity provided by Section 1, Rule II, of the Rules of the Supreme Court of Appeals, to file notes of argument in opposition to the petition for appeal. Therefore, reason the appellees, this Court does not have jurisdiction to consider this appeal, the transcript of proceedings and evidence not having been properly made a part of the record.

The appellant takes the position that Rule 80 (c) is not jurisdictional and that its failure to comply with the provisions thereof is nothing more than harmless error unless the appellees can affirmatively show that they have been prejudiced by its failure to give notice of the filing of the transcript. It is contended by the appellants that the appellees were not prejudiced by this alleged technical omission.

Subsequent to the entry of the judgment against it, the appellant, Norfolk & Western Railway Company, preparatory to seeking an appeal in this Court, filed with the Circuit Court of McDowell County a transcript of the proceedings had and testimony taken at the trial. It is expressly admitted by the appellant that it did not give notice of such filing to the appellees as required by Rule 80(c), R.C.P. It alleges, however, that counsel for the appellees knew that a petition for appeal had been filed and that a copy of the transcript had been ordered. It claims that this constitutes substantial compliance with the rule and demonstrates that the appellees were not prejudiced by its failure to give the required notice.

It is acknowledged by the appellees that they assumed that the appellants in the course of perfecting an appeal would order a copy of the transcript. However, they did not actually know that an appeal would be prosecuted, the first knowledge they had thereof being from the Clerk of this Court that a writ of error and supersedeas had been granted. The appellees assert that by reason of said failure to give the required notice they were deprived of the opportunity to examine the transcript for errors or omissions prior to its submission to this Court.

Rule 80(c), R.C.P. provides:

> "*Notice of filing transcript.*—When a transcript of the proceedings had and testimony taken at a trial is filed with the court, the party causing it to be filed shall promptly give notice thereof to all other parties."

The issue here is whether, in the circumstances of this case, as described above, the failure of the appellant to comply with the requirement of Rule 80(c) constitutes sufficient basis for the dismissal of the appeal heretofore granted.

The record does not support the appellant's allegation that counsel for the appellees knew that a petition for an appeal had been filed and a copy of the transcript ordered. There is no showing that appellees' counsel had such

knowledge and a mere assumption that they did does not suffice. In fact, as noted, there is an affirmative showing, admitted by the appellants, that at no time were the appellees given notice that a petition for appeal had been filed or that a transcript was ordered.

We must now determine the character of Rule 80 (c) and decide whether it must be followed literally or whether it merely suggests a procedure which should be obeyed. It is of utmost significance to the resolution of this issue that said rule is couched in mandatory language. It not only provides that the party causing the transcript to be filed *shall* give notice thereof, but he shall *promptly* give such notice to all other parties. The use of the word "shall", without any modification, unquestionably makes the direction therein mandatory. The use of the word "promptly" strongly indicates an urgency in the accomplishment of such direction.

The word "mandatory" connotes an imperative command. That which is commanded in a mandatory statute must be done or the proceedings to which it relates are void. *Siedschlag* v. *May,* 363 Ill. 538, 2 N.E.2d 836. That the Rules of Civil Procedure, having been promulgated and adopted by this Court, have the force and effect of a statute is unquestioned. See Code, 1931, 51-1-4a, as amended; *In re Mann,* 151 W.Va. 644, 154 S.E.2d 860; and *Boggs* v. *Settle,* 150 W.Va. 330, 145 S.E.2d 446.

This Court, on numerous occasions, has held that the word "shall", connotes a mandatory or imperative command. In *Terry* v. *Sencindiver,* 153 W.Va. 651, 171 S.E.2d 480, the Court quoted from *Board of Trustees of Policemen's Pension or Relief Fund of City of Huntington* v. *City of Huntington,* 142 W.Va. 217, 96 S.E.2d 225, as follows: "Axiomatic in the law of statutory construction is the postulate that the word 'shall', in the absence of something in the statute showing a contrariwise intent on the part of the Legislature, should be construed in a mandatory sense." In *Baer* v. *Gore,* 79 W.Va. 50, 90 S.E. 530, L.R.A. 1917B, 723, the Court said: "The provisions of the enactment

are expressed in imperative terms. They are positive and unequivocal. Generally, 'shall', when used in constitutions and statutes, leaves no way open for the substitution of discretion." See also *In re Mann,* 151 W.Va. 644, 154 S.E.2d 860; *State ex rel. Staley* v. *The County Court of Wayne County,* 137 W.Va. 431, 73 S.E.2d 827; and *Dawson* v. *Phillips,* 78 W.Va. 14, 88 S.E. 456.

While, as contended by the appellant, Rule 80 (c), R.C.P. is not jurisdictional, *Piper* v. *Miller,* 154 W.Va. 178, 173 S.E.2d 662, contrary to appellant's contention, is not controlling here. In *Piper* there was substantial compliance. The appellee admittedly had a copy of the transcript when it was filed with the clerk of the circuit court. He had the opportunity to correct the transcript, if necessary, as provided in Rule 80 (d), R.C.P., and to file a brief in opposition to the appellant's petition for appeal. Here, the transcript was filed and the appeal was granted without any knowledge thereof by the appellees and the above opportunities were not afforded.

The appellant's contention that Rule 80 (c), R.C.P., embodies a mere technicality and that the failure to comply therewith is harmless error, unless the appellees show specifically how they were prejudiced, is without merit. This rule is mandatory. The reason therefor is that the appellees, upon receiving the notice required thereby, can take certain steps to protect their rights. They can examine the transcript so filed and determine if there were any errors or omissions therein. Further, they could file a brief in opposition to the petition for appeal. They were deprived of these courses of action by the appellant's failure to give notice as required by Rule 80 (c), R.C.P. These are material procedural considerations which can seriously affect the rights of an appellee.

The appellant, in furtherance of its contention that its omission is a mere technicality, says that under Rule 61, R.C.P., such omission constitutes harmless error. It relies principally on the following language of that rule: "The court at every stage of the proceedings must disregard

any error or defect in the proceeding *which does not affect the substantial rights of the parties.*" (Italics supplied.) We do not agree. While, as indicated by Rules 1 and 61, R.C.P., the rules are designed to expedite and simplify the determination of civil actions and to obviate the necessity of dismissing or reversing actions for mere technical defects or irregularities, we must guard against oversimplification. The function of the rule must be considered, and where "substantial rights" of the parties may be affected, as noted in Rule 61, the failure to comply with the requirements of the rule, unless waived, should not be considered harmless error. As noted above, Rule 80 (c) can be of vital importance to the appellee. By the appellant's failure to give the notice mandatorily required therein, the appellee can suffer irreparable harm. An erroneous transcript may be filed in the appellate court; also the opportunity afforded to the appellee, under this Court's rules, to file a brief in opposition to the petition for appeal was lost. While this right is not afforded by Rule 80 (c) it is nonetheless significant in the consideration of that rule's purpose.

It is shown by the pleadings in the instant case that the appellees were deprived of their right to "assign error or omission in any part of the transcript of the proceedings had and testimony taken at the trial." The appellees' motion to dismiss also alleged that they were "unaware of the filing of appellant's petition for appeal and were deprived of the opportunity provided by Section 1 of Rule II, Rules of the Supreme Court of Appeals, to file notes of argument in opposition to such petition." We believe that the appellees have made a showing that their rights were prejudiced by the appellant's failure to comply with Rule 80 (c), R.C.P.

The appellant asserts that the appellees, by not raising the Rule 80 (c) issue sooner, waived the requirements thereof and cannot now complain. It says that counsel for the appellees knew, for the period of time that this Court was considering its petition, that the notice in issue had

not been given. Their failure to assert the appellees' rights under Rule 80 (c), says the appellant, constitutes a waiver.

While Rule 80 (c) is not jurisdictional and the requirements may be waived, we are of the opinion that the circumstances reflected by the record fail to support the appellant's contention of waiver. This Court can act only on matters of record. It is revealed by the record that the appellant did not comply or even attempt to comply with the requirement of Rule 80 (c). The appellant does not contend otherwise. There is no showing, as alleged by the appellant in argument, that counsel knew that a petition for appeal had been filed. In fact, it is affirmatively shown that the appellees had no knowledge of the appeal until they received notice from the Clerk of this Court that an appeal had been granted; neither did appellees or their counsel have any knowledge of the filing of the transcript in the circuit clerk's office. Soon after the appellees were notified that an appeal had been granted, they asserted their rights under Rule 80 (c) by filing in this Court a motion to dismiss. In these circumstances the action of the appellees does not constitute a waiver of the requirement of Rule 80 (c).

Further contending that Rule 80 (c) embodies a mere technical requirement, the appellant asserts that the transcript has been filed in this Court, satisfying the procedural requisites. We do not agree with this assertion. While the transcript is on file in this Court, we believe that the rule contemplates such filing to be done in accordance with the mandatory direction of the rule. If this is not done it is not properly before us and, in the absence of a waiver by the appellees, it will not be considered.

The failure to comply with the requirement of Rule 80 (c), R.C.P. does not of itself preclude the right to appeal. Such failure, however, does preclude the consideration by this Court of the transcript of the proceedings had and testimony taken at the trial. See *The Employers' Liability Assurance Corporation* v. *Hartford Accident and Indemnity Company*, 151 W.Va. 1062, 158 S.E.2d 212;

*Pettry* v. *Chesapeake and Ohio Railway Company,* 148 W.Va. 443, 135 S.E.2d 729; and *Davis* v. *Phillips,* 140 W.Va. 280, 83 S.E.2d 699. An examination of the record in the instant case readily reveals that the errors upon which the appellant relies concern evidentiary matters, the pertinency of which to the appeal can be determined only by a consideration of the transcript of the testimony. Since such transcript, as noted above, is not before this Court, the reinstatement of the appeal would be useless. The motion to reinstate, therefore, is denied.

*Motion denied.*

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent.

In order to arrive at a proper decision of this case, I believe it is beneficial to consider legal principles which were applicable to bills of exceptions and certificates in lieu thereof which were authorized and prescribed by Code, 1931, 56-6-35 and 36 before those statutes were superseded by the Rules of Civil Procedure, particularly by R.C.P. 80(a). The jurisdictional aspect of bills of exceptions or certificates in lieu thereof has been sometimes stated loosely, broadly, and perhaps inaccurately.

This Court held many years ago that bills of exceptions signed after the expiration of the prescribed statutory period "are signed without jurisdiction, and are no part of the record." *Jordan* v. *Jordan,* 48 W.Va. 600, pt. 2 syl., 37 S.E. 556. In a subsequent case it was held that, after the expiration of the time prescribed by statute, "there is no jurisdiction to sign such bills; nor can jurisdiction to do so be conferred by consent of parties." *Crowe* v. *Corporation of Charles Town,* 62 W.Va. 91, pt. 1 syl., 57 S.E. 330. To the same effect, see *Hall* v. *Shelton,* 93 W.Va. 592, pt. 4 syl., 116 S.E. 12. These cases, of course, relate to the jurisdiction of a trial court to make matters a part of the record rather than to the jurisdiction of this Court.

It was held by this Court that, inasmuch as the timely execution of bills of exceptions involved jurisdiction of

trial courts, that jurisdictional question "may be raised by this Court of its own motion." *Grottendick* v. *Webber,* 134 W.Va. 798, pt. 1 syl., 61 S.E.2d 854. It was recognized in that case, however, that the absence of a proper bill of exceptions in any case merely precluded this Court from considering matters, such as the testimony taken at the trial, which were not a part of the record. The Court recognized in that case, for instance, that instructions, whether given or refused, were a part of the record by reason of the provisions of Code, 1931, 56-6-20, though it was also held in the fourth point of the syllabus that if an objection to an instruction was "predicated in whole or in part upon evidence not properly made a part of the record, such objection will not be considered on appeal."

In some of the cases decided by this Court, it was held that a bill of exceptions or a certificate in lieu thereof "is necessary to give this Court *jurisdiction* to consider the matters which must be made a part of the record by proper bill of exceptions or certificate in lieu thereof." (Italics supplied.) *Davis* v. *Phillips,* 140 W.Va. 280, 283, 83 S.E.2d 699, 700. In this background, I reason that if the transcript of the trial proceedings has not been made a part of the record, the Court has no "jurisdiction" on this appeal to consider matters contained in the transcript. On the other hand, I am of the firm opinion that if the transcript of the trial proceedings has properly been made a part of the record, our constitutional and statutory duty to entertain and decide the questions arising upon the appeal is mandatory.

The legal principles previously referred to in relation to bills of exceptions were discussed in *Pozzie* v. *Prather,* 151 W.Va. 880, 157 S.E.2d 625 and in *Rollins* v. *Daraban,* 145 W.Va. 178, 113 S.E.2d 369.

The Court recently made the following statement in relation to the provisions of R.C.P. 80 (c) : "* * * lack of notice of the filing of the transcript would not deprive this Court of jurisdiction to grant an appeal from the judgment although upon the appeal this Court would not have jurisdiction to consider matters which must be made a

part of the record by a proper transcript of the proceedings." *The Employers' Liability Assurance Corporation* v. *Hartford Accident and Indemnity Company,* 151 W.Va. 1062, 1075, 158 S.E.2d 212, 219-20. It will be noted that the foregoing quotation does not state or imply that the giving of notice is in any sense a part of the process of making the transcript a part of the record under R.C.P. 80.

Bearing in mind that bills and certificates of exceptions have been abolished by R.C.P. 80(f), it is pertinent to consider the present method of making the testimony and other proceedings of a trial a part of the record. These provisions are in R.C.P. 80(a) and are as follows: "(a) *When transcript of stenographically reported proceedings part of record.*—When the proceedings had and testimony taken at a hearing or trial before the court are stenographically or mechanically reported by the official court or other authorized reporter, *a duly certified transcript thereof becomes a part of the record of the action when it is filed* with the court during the pendency of the civil action or at any time afterward." (Italics supplied.) In *Lester* v. *Rose,* 147 W.Va. 575, 587, 130 S.E.2d 80, 89, the Court stated: "Under the provisions of Rule 80, R.C.P., it is only necessary for the official court reporter to duly certify the transcript of the proceedings and file it with the Court."

It is obvious from the fact that bills of exceptions have been abolished and from the language of R.C.P. 80(a), which has been quoted immediately above, that where proceedings had and testimony taken at a trial in a trial court of record are reported by a court reporter, "a duly certified transcript thereof *becomes a part of the record of the action when it is filed with the court * * *.*" (Italics supplied.) R.C.P. 5(e) is as follows: *"Filing with the court defined.* — The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them

to the office of the clerk; the notation by the clerk or the judge of the filing date on any such paper constitutes the filing of such paper, *and such paper then becomes a part of the record* in the action without any order of the court." (Italics supplied.) It is clear from the language of R.C.P. 80 (a) and R.C.P. 5 (e) that the court reporter's transcript of the trial court proceedings involved in this appeal, including the testimony, became a part of the record by the mere filing thereof in proper form and in a proper manner.

It is not controverted by the Court's opinion in this case that the court reporter's transcript of the proceedings became a part of the record. No element of trial court jurisdiction was involved in the process of making the transcript a part of the record. The Court does not undertake to determine that, for some reason, the transcript has ceased to be a part of that record. It is conceded by the Court in its opinion that "Rule 80 (c) is not jurisdictional" and that the "requirements" thereof may be waived. ·

It is not denied that the clerk of the trial court transmitted to the clerk of this Court a record of the case as required of him as a public official by Code, 1931, 58-5-6. The record, including the court reporter's transcript of the evidence and other proceedings had at the trial, thereby became available for our inspection and consideration. Even after the record or the designated portion thereof is printed in any case, this Court, by reason of Section 10 of Rule IV of this Court, may consider any other portion of an original record duly certified by the clerk of the trial court and filed in the office of the clerk of this Court.

It is not contended that the appeal was dismissed in this case because of any lack of jurisdiction on the part of the trial court or of this Court. The appellant had a constitutional and a statutory right to apply to this Court for an appeal in a case such as this; and, an appeal having been granted, the appellant had a constitutional and statutory right to have the appeal considered and decided on

its merits by this Court. Article VIII, Section 3, Constitution of West Virginia; Code, 1931, 58-5-1. The process of reasoning by which the appellant has been denied that right in this case, and a legal basis for such denial, are not stated in the Court's opinion in such a way as to be comprehensible to me. If this were a case, under the earlier practice, involving a failure to obtain a timely bill of exceptions, the question for decision in this case would be easy.

I am unable to comprehend upon what basis the Court had any jurisdiction, power or authority in this case to dismiss the appeal after the appellant had its appeal properly granted and properly pending before this Court pursuant to his constitutional and statutory right to appellate review.

The motion to dismiss the appeal alleges that the Court does not have "jurisdiction" to consider the appeal and that, therefore, it should be dismissed "as improvidently awarded." The Court in its opinion does not assert any lack of jurisdiction. It does not state that the appeal was "improvidently awarded." It is obvious to me that the Court studiously avoided making such assertions because it is clear that the appeal was properly granted, that it was legally and properly pending and that the Court did not in any sense lack "jurisdiction" when the appeal was dismissed.

The appeal was dismissed solely on the ground of a failure to comply with the following language of R.C.P. 80 (c): "When a transcript of the proceedings had and testimony taken at a trial is filed with the court, the party causing it to be filed shall promptly give notice thereof to all other parties." We should be mindful of the fact that the giving of the notice thereby required is no part of the process or procedure by which the transcript "becomes a part of the record" pursuant to R.C.P. 80 (a). Such notice is no part of the process or procedure, under R.C.P. 5 (e), by which the transcript, when filed in the office of the clerk of the trial court, with a proper notation thereon of

the date of the filing, "becomes a part of the record in the action without any order of the court."

Inasmuch as the Court has properly held that "Rule 80 (c) is not jurisdictional" and that the "requirements" thereof may be waived, it necessarily follows that the notice requirement contained in that rule is merely procedural in character. The Court in this case does not state that the notice requirement enjoys any status or dignity other than a procedural requirement. The entire decision in this case is based upon the Court's having accorded to the word "shall" a wholly inordinate significance which is at variance with the basic spirit and purpose of the Rules of Civil Procedure. That major premise is based on the proposition that the word "shall" should be "construed in a mandatory sense." Just how the mandatory character of the word "shall" operates to warrant or to authorize dismissal of an appeal properly pending in this Court is not explained in the opinion.

The decision in the present case seems to me to be at variance with the recent decision in *Piper* v. *Miller,* 154 W.Va. 178, 173 S.E.2d 662, in which the Court stated (173 S.E.2d at 666) : "It would appear that the defendant for all practical purposes had the notice required under Rule 80 (c) R.C.P., and although it may be considered a technical error not to give a separate notice of the filing of the transcript of the proceedings it is not jurisdictional or *prejudicial* error in such case." (Italics supplied.)

This Court has never hesitated to regard the word "shall" as merely directory rather than mandatory when substantial justice or common sense appears to dictate that such should be done. Among many decisions of this Court in which the word "shall", when used in a statute, was held not to be mandatory but merely directory are the following: *State* v. *Nuckols,* 152 W.Va. 736, 166 S.E.2d 3; *State ex rel. Mynes* v. *Kessel,* 152 W.Va. 37, 158 S.E.2d 896, and numerous cases therein cited; *State* v. *Carduff,* 142 W.Va. 18, 93 S.E.2d 502.

The word "shall" has also been construed as merely directory when used in Article VIII, Section 5 of the Constitution of West Virginia which is as follows: "When a judgment or decree is reversed or affirmed by the supreme court of appeals, every point fairly arising upon the record of the case *shall* be considered and decided; and the reasons therefor *shall* be concisely stated in writing and preserved with the record of the case; and it *shall* be the duty of the court to prepare a syllabus of the points adjudicated in each case concurred in by three of the judges thereof, which *shall* be prefixed to the published report of the case." (Italics supplied.) For cases construing the word "shall" as thus used in the Constitution to be merely directory rather than mandatory, see *State* v. *Smith,* 119 W.Va. 347, pt. 3 syl., 193 S.E. 573; *Henshaw* v. *Globe & Rutgers Fire Insurance Company,* 112 W.Va. 556, 565, 166 S.E. 15, 19; *Horner* v. *Amick,* 64 W.Va. 172, pt. 3 syl., 61 S.E. 40; *Hall & Smith* v. *Bank of Virginia,* 15 W.Va. 323, pt. 3 syl.; *Henry* v. *Davis,* 13 W.Va. 230, pt. 5 syl.

I am unable to comprehend why the Court has applied more strictly and more harshly the word "shall" when used in the Rules of Civil Procedure than when the same word is used in statutes and even in the Constitution. R.C.P. 1 is as follows:

"These rules govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of a civil nature whether cognizable as cases at law or in equity, *and in any appellate review of such actions,* suits, or other judicial proceedings, with the qualifications and exceptions stated in Rule 81. *They shall be construed to secure the just, speedy, and inexpensive determination of every action."* (Italics supplied.)

R.C.P. 61, dealing with harmless error, is as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in *anything done or omitted* by the court *or by any of the parties is ground for* granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a

judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."* (Italics supplied.)

It will be noted that R.C.P. 1 states that the Rules "shall" be construed to secure the just, speedy and inexpensive determination of every action; and that R.C.P. 61 states that the court "must" disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Certainly the word "shall" and the word "must" are fully as mandatory and as imperative as the word "shall" as that word is used in R.C.P. 80 (c) relating to giving notice of the filing of the transcript.

In the second point of the syllabus of *Boggs* v. *Settle,* 150 W.Va. 330, 145 S.E.2d 446, the Court stated: "On appeal of a case involving an action covered by the Rules of Civil Procedure, this Court will disregard and regard as harmless any error, defect or irregularity in the proceedings in the trial court which does not affect the substantial rights of the parties."

The Court in its opinion states that the appellant contends that the notice requirement of R.C.P. 80 (c) "embodies a mere technicality." I do not understand that counsel for the appellant makes such a contention. Certainly I do not. I recognize that the requirement is proper, purposeful and not merely technical. My earnest contention is that the Court in this case has needlessly made an unwarranted, harsh and "technical" application of the rule.

The Court in its opinion states, in effect, that the appellee conceivably may have been prejudiced by failure of the notice requirement of R.C.P. 80 (c). The Court, in undertaking to show prejudice resulting to the appellee, makes the following statement: "By the appellant's failure to give the notice mandatorily required therein, the

appellee *can* suffer irreparable harm. An erroneous transcript *may be* filed in the appellate court; also the opportunity afforded to the appellee, under this Court's rules, to file a brief in opposition to the petition for appeal was lost." (Italics supplied.) During the period of more than twelve years while I have been a member of this Court, I have known of only a relatively few briefs filed in opposition to petitions for appeal. In relation to the possibility of prejudice resulting from the filing of an erroneous transcript, I make four observations: First, R.C.P. 80 (b) provides that a transcript certified by the official court reporter as therein prescribed "shall be deemed prima facie a correct statement of the proceedings had and testimony taken at any hearing or trial." Second, as I recall, when the case was argued, counsel for the appellee, in response to a question propounded from the bench, stated that inspection of the transcript disclosed no error therein or omission therefrom. Third, R.C.P. 60 (a) provides that correction of any part of the record may be made even after the case is in this Court on appeal. Fourth, Code, 1931, 58-5-8, and Rule VIII of the Rules of this Court provide a means whereby this Court may require the production before it of any part of the record of the trial court which has been omitted.

Article III, Section 17 of the Constitution of West Virginia provides: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." It is my opinion that the Court in this case, by a resort to technicality and a sacrifice of substance, has denied to the appellant its constitutional and statutory right to have its appeal decided upon its merits after the appeal was properly and legally perfected and pending in the Court.

For reasons stated, I would sustain the appellant's motion to have its appeal reinstated as having been dismissed by this Court without any legal authority to do so.