369 S.E.2d 223

**LUBECK MEAT PACKING, INC.**

v.

**MOTORISTS MUTUAL INSURANCE CO., et al.**

No. 17708.

Supreme Court of Appeals of West Virginia.

Feb. 23, 1988.

Eugene T. Hague, Jr., Parkersburg, for United Nat. Bank.

Fred L. Davis, Jr., Parkersburg, for Motorist Mut.

R. Vance Golden, III, Parkersburg, for Magnet Bank, appellant.

McGRAW, Justice:

This is an appeal by Magnet Bank, F.S.B., from a final order entered by the circuit Court of Wood County on a jury verdict requiring that Appellee Motorists Mutual Insurance Companies pay $173,-991.00 on an insurance policy issued to Lubeck Meat Packing, Inc.

Lubeck's policy provided $190,000.00 coverage on the building which housed the plant, plus $25,000.00 coverage on the building's contents, and a maximum of $12,000.00 insurance under a loss of earnings endorsement. The Appellant, as holder of the first mortgage on the plant, was named in the policy as the loss payee.[1] During 1980, Lubeck began to fall behind on its mortgage payments to Appellant. On May 8, 1981, a fire badly damaged Lubeck's plant and equipment. The Appellee promptly made a thorough investigation of the fire and obtained a damage estimate. No payment was made on the policy, however, and Lubeck defaulted on its mortgage obligation. The Appellant foreclosed on its note and took possession of the plant as purchaser at the trustee's sale.

Lubeck initiated this action, contending that the Appellee's failure to pay on the policy constituted breach of contract and caused the foreclosure. Both the Appellant and the Appellee were among those originally named as defendants, and the Appellant made several counter- and cross-claims against Lubeck, its stockholders,

---

1. Lubeck borrowed $189,000.00 from the Appellant, which required a personal note from two of the company's owners, as well as a security interest in Lubeck's real estate and personal property. The Appellant states that balance on this note was $169,273.39 as of the date of loss. United National Bank loaned Lubeck an additional $65,000.00, taking a second mortgage on the company's real estate as its primary security.

and the Appellee. Lubeck and the individual stockholders were eventually dismissed from the action by the circuit court. The trial court also made rulings which restricted the issues the Appellant was allowed to present to the jury, effectively limiting the Appellant's possible recovery to the amount necessary to repair the building.[2] As noted earlier, the jury returned a verdict against the Appellee in the amount of $173,991.00, and the Appellant now seeks our review of the lower court's rulings.

Upon mature consideration of the petition, the record, and the briefs and argument of counsel, the Court sees no ambiguity in the policy nor error pregnant of reversal.

> Where it appears to the Court upon mature consideration that an appeal presents no substantial issues of fact or law which can be considered fairly raised and where the trial court arrived at a correct result, the appeal will be dismissed as improvidently awarded and the judgment of the circuit court will be summarily affirmed.

Syllabus, *Napier v. Plymale*, 167 W.Va. 372, 280 S.E.2d 122 (1981). Appellate counsel often feel compelled to assign as error each ruling made by the circuit court, even if it involves well settled law or is obviously unprejudicial. As we have previously observed, the provision contained in article eight, section four of the Constitution of West Virginia does not contemplate that every point raised by ingenuity of counsel must be taken as a "point fairly arising upon the record." *State v. Smith*, 119 W.Va. 347, 350, 193 S.E. 573, 575 (1937); *see State v. Dozier*, 163 W.Va. 192, 255 S.E.2d 552 (1979). Therefore, the appeal is dismissed as improvidently awarded.

Appeal Dismissed.

---

2. The circuit court's rulings excluded evidence and claims regarding the policy's coverage of building contents and loss of earnings, as well as the costs of the debris removal undertaken by the Appellant. The court also ruled that the respective rights of the Appellant and United National Bank would be addressed, if necessary, after the jury's verdict on the contract claim.